# Richmond.

BRANSFORD, TREASURER, V. KARN & HICKSON.

December 11th, 1890.

1. APPELLATE PRACTICE—*Writs of error.*—No writ of error lies where judgment is entered upon agreement that judgment be entered in accordance with the result of another case.

2. IDEM—*No exception.*—Refusal of judge to sign bill of exceptions, when record does not show that the losing party excepted at the trial to the ruling of the court, cannot be maintained as error.

3. IDEM—*Magistrate's judgments.*—Where the constitutionality of no statute is called in question, the judgment of the corporation court upon an appeal from the decision of a justice, is final in a case to recover back money paid for taxes under protest after tender and refusal of coupons.

Error to judgment of corporation court of Lynchburg, rendered December 19th, 1888, in an action of *assumpsit* wherein D. Karn and John Hickson, partners as Karn & Hickson, were plaintiffs, and the plaintiff in error, J. B. Bransford, treasurer of the said city, was defendant. Opinion states the case.

*Attorney-General R. A. Ayres,* for the plaintiff in error.

*W. W. Larkin,* for the defendants in error.

HINTON, J., delivered the opinion of the court.

This case, and nine others, five of which were, like this, appeals from warrants brought before a magistrate to recover

money paid for taxes under protest after coupons in payment of the said taxes had been tendered and refused, and four of which were actions of assumpsit brought in the corporation court of Lynchburg for the same purpose, were heard upon the records in the several cases and a motion to dismiss.

This motion is in writing, and there is filed with it the depositions of T. J. Kirkpatrick and others, showing that under an agreeement of counsel in the court below, it was understood that judgments were to be entered in the nine cases above mentioned for the plaintiffs or defendants, according as the result, in this case might be, for the one or the other; and it seems to us, that consistently with this agreement, no appeals or writs of error could be asked of this court as to the said nine cases, but that, on the contrary, a writ of error might have been asked for in this case, and the nine other cases have been allowed to remain to abide the result in this case.

It is insisted, however, for the plaintiff in error, that the court below erred in refusing to sign his ten several bills of exceptions, which he undertakes to make a part of the record, by the affidavit of counsel, made more than a month after the judgments had been entered, and some time after the adjournment of the court. There is one objection which is absolutely fatal to this pretension of the plaintiff. For the record fails to show that the plaintiff in error either excepted or reserved the points at the proper time in the course of the trial. *Jones* v. *Com.*, decided at this term. *Page* v. *Clopton*, 30 Gratt., 415; 4 Min. Insts., 745.

But apart from this objection, the records in these cases show that the amounts involved in each of them is below the sum of $500, and therefore, not sufficient to give this court jurisdiction of them. As to the six cases which were appeals from the judgments of the magistrate, they are also improperly here for another reason, namely, because the constitutionality of no statute being called in question, the decision of the cor-

poration court of Lynchburg was necessarily final. *McIntosh, Treasurer,* v. *Braden,* 80 Va. R., 217. For these reasons the writs of error in these ten cases were improvidently awarded, and must be dismissed.

LACY, J.—I concur in the results of the opinion upon the ground that the amount in controversy, in each case, continued by the appeal, is less than $500, the jurisdictional amount prescribed by the constitution as the limit of the jurisdiction of this court, and the constitutionality of no law is drawn in question.

RICHARDSON, J., concurred in the result.

APPEALS DISMISSED.