Statement.

## Richmond.

### SOUTHERN RAILWAY COMPANY v. HILL.

January 31, 1907.

1. APPEAL AND ERROR—*Judgment of Justice of Peace—Constitutionality of Law—Course of Appeal.*—No appeal lies directly to this court from a judgment of a justice of the peace for less than ten dollars and involving the constitutionality of a law. The machinery provided for this court, in exercising its appellate jurisdiction, is applicable exclusively to appeals from decisions of courts of record which can furnish transcripts of records to be reviewed here. Section 88 of the constitution does not confer upon this court the right of direct appeal from a judgment of a justice. The language of section 2956 of the Code is broad enough to cover the right of appeal to the circuit and corporation courts from a judgment of a justice of the peace involving the constitutionality of a statute, and section 3455 of the Code provides for an appeal from a circuit or corporation court to this court where the matter involved is "not merely pecuniary." These statutes, being remedial, should be construed liberally so as to effectuate the purposes of their enactment, and, so construing them, they furnish the means for an indirect appeal to this court from the judgment of a justice involving the constitutionality of a statute.

Error to a judgment of a justice of the peace of the city of Danville, passing on the constitutionality of a law. From a judgment in favor of the plaintiff the defendant appealed directly to this court.

*Dismissed.*

The opinion states the case.

*Harrison & Leigh, John K. Graves, Frank W. Gwaltmey* and *Alfred P. Thom,* for the plaintiff in error.

*Wm. A. Anderson, Attorney-General,* for the defendant in error.

WHITTLE, J., delivered the opinion of the Court.

The judgment sought to be reviewed by this writ of error was rendered by a justice of the peace in favor of the defendant in error, Hill, against the plaintiff in error, the Southern Railway Company, upon a warrant for $9.00 and costs. The proceeding was founded upon the alleged violation by the railway company of Rule II of the Storage and Demurrage and Car Service Rules, prescribed by the State Corporation Commission of Virginia, on account of delay in the shipment of a carload of wood, to be hauled by the railway company from its station at Virgilina, in Halifax county, Va., to the city of Danville, Va., the road passing for part of the distance between these points over the territory of the state of North Carolina.

It is insisted that the foregoing rule, as applied to such a shipment, is an effort on the part of the State Corporation Commission to regulate commerce between the states, and consequently violates paragraph 3 of section 8 of Article I of the constitution of the United States.

We are met *in limine* with the question of the jurisdiction of this court to entertain the writ of error. The railway company, upon the premise that the constitutionality of Rule II is involved, invokes the jurisdiction of this court under section 88 of Article VI of the constitution of Virginia, the language of which, so far as applicable to the matter in judgment, is as follows:

"Subject to such reasonable rules as may be prescribed by law as to the course of appeal, the limitation as to time, the security required, if any, the granting or refusing of appeals, and the procedure therein, it shall, by virtue of this constitution, have appellate jurisdiction in all cases involving the constitutionality of a law as being repugnant to the constitution of this state or of the United States."

The pretension that the judgment in question is reviewable in the first instance by this court is based upon the assumption

that the Legislature has omitted to exercise its prerogative of prescribing reasonable rules regulating the course of appeal in such case; and, therefore, that the provision referred to, being self-executing, confers jurisdiction upon this court. In that connection it is argued that section 2947 of Chapter 140, Virginia Code (1904), which provides for appeals from judgments of a justice to the circuit and corporation courts, limits the right of appeal to cases involving the constitutionality or validity of an ordinance or by-law of a corporation, or in which the matter in controversy, exclusive of interest, is of greater amount or value than ten dollars, and does not include cases involving the constitutionality of a law.

While it is true that section 2947 deals alone with the two classes of cases specified, section 2956 of the same chapter is of wider scope and prescribes the course of appeal in all cases where appeals are allowed "from any order or judgment of a justice." The section reads as follows: "When appeal is allowed from any order or judgment of a justice it shall be cognizable by the circuit court for the county or the corporation court of the corporation in which the order was made or judgment rendered, unless when the order is made or judgment rendered in a corporation in a case involving the constitutionality or validity of an ordinance or by-law of said corporation, in which case it shall be cognizable by the circuit court having jurisdiction over said corporation."

Section 3455, in the matter of writs of error and appeals to this court, provides that "No petition shall be presented for an appeal from, or writ of error or supersedeas to, . . . any judgment of a circuit or corporation court which is rendered on an appeal from a judgment of a justice, except in cases where it is otherwise expressly provided; nor to a judgment, decree or order of any court when the controversy is for a matter less in value or amount than three hundred dollars, exclusive of costs, unless there be drawn in question a freehold or franchise or the

title or bounds of land, or the action of the State Corporation Commission, or some matter not merely pecuniary."

If the contention of the plaintiff in error is correct that the constitutional provision upon which it relies expressly allows an appeal to this court from the judgment of a justice in all cases involving the constitutionality of a law, then it would seem clear that sections 2956 and 3455 *in terms* apply to such case, the former prescribing the course and procedure of appeal from the justice's court, in the first instance, to the circuit and corporation court, and the latter providing for an ultimate appeal from the circuit and corporation courts to the Supreme Court of Appeals of the state.

The language of these sections is sufficiently comprehensive to justify that construction, and being remedial statutes they are to be liberally construed, so as to effectuate the purposes of their enactment. Such construction is also unquestionably more in harmony with the philosophy of our judicial system—a system comprising courts of different grades, and providing an orderly and intelligent mode of procedure and course of appeal from the lowest tribunal to the next in order of rank, until the court of last resort is attained.

On the other hand, the insistence of the plaintiff in error that an appeal lies primarily from the lowest to the highest court in the state, ignoring intermediate courts and provisions for successive appeal, is not only incongruous and without warrant of precedent to sustain it, but, as we shall see presently, is impracticable under the procedure provided by statute in this jurisdiction. The pretension proceeds on the theory that the purpose of the Legislature, as manifested by section 2947, is to deny an appeal from judgments of a justice in all cases other than the two classes therein specified. We cannot assent to a construction which would place the Legislature in the attitude of ignoring or abridging the constitutional right of litigants to an appeal from the judgment of a justice in a case involving the constitutionality of a law, or some other matter not merely

pecuniary. To sustain that interpretation would require us to read into section 2956 "When an appeal is allowed from any order or judgment of a justice," *by section* 2947, "it shall be cognizable by the Circuit Court . . ."

"In construing statutes courts cannot add to or take from them, except in cases where the duty is plain in order to give an intelligent effect to them and thereby carry out the manifest intent of the Legislature. *Hutchinson* v. *Commercial Bank,* 91 Va. 68, 73, 20 S. E. 950, 952." *Tarrant* v. *Core, ante* page 161, 56 S. E. 228, in which an opinion was handed down during the present term of the court.

The judgment sought to be reviewed was rendered upon a "warrant for a small claim," brought under chapter 140, in which sections 2947 and 2956 both occur. The case comes within the language of the latter section, and there are many considerations of sound policy and convenience which demand a liberal rather than a strict interpretation of those enactments. There can be no good reason for discrimination between litigants possessing respectively statutory and constitutional rights of appeal, allowing to the former the more convenient, expeditious and economical remedy of an appeal from a judgment of a justice in the first instance to the circuit or corporation court, with the ultimate right of appeal to the Supreme Court of Appeals, but requiring the latter initially to appeal to the court of last resort.

Section 2957 of chapter 140 provides that upon appeal from the order or judgment of a justice the trial shall be had *de novo,* and "all legal evidence produced by either party shall be heard, whether the same was produced or not before the justice from whose decision the appeal is taken."

This provision is made necessary by the fact that a justice's court is not a court of record, and, therefore, the ordinary procedure governing appeals from courts of record would be otherwise inadequate to meet the exigencies of the situation. If an appeal were allowed immediately from the judgment of a justice

to this court we should find ourselves in the dilemma (which it is the purpose of section 2957 to obviate) of having no adequate mode of procedure to dispose of it. The machinery provided for this court, in exercising its appellate purisdiction, is applicable exclusively to appeals from decisions of courts of record. It is necessarily limited to the consideration of errors which are apparent upon the face of the record, and its processes and pronouncements extend no further.

The Legislature has full power under the constitution to prescribe reasonable rules as to the course of appeal and the procedure therein; and from the system adopted it is quite apparent that an ultimate and not an immediate appeal from the judgment of a justice's court to this court, in cases involving the constitutionality of a law, is contemplated. Section 3457 provides that a transcript of the record shall be exhibited with the petition for an appeal—an impossible requirement in an appeal from the judgment of a justice, until a record is made in the circuit or corporation court as provided by section 2957.

Mr. Barton, in discussing the jurisdiction of this court, observes: "The appellate jurisdiction extends to all matters of the requisite amount determined in the circuit or corporation courts." 1 Bar. L. Pr. 39.

"The Court of Appeals can only consider a case on writ of error on the record as made in the trial court. If this fails to disclose the errors complained of they cannot be considered." *Barnes* v. *Com'th,* 92 Va. 794, 23 S. E. 784.

Our reports abound with decisions illustrative of that principle, and the contention of the plaintiff in error, so far as we are advised, is wholly without precedent in this Commonwealth.

The case of *Bransford* v. *Karn,* 87 Va. 242, 12 S. E. 404, is authority for the proposition that where the constitutionality of a statute is involved the decision of a corporation court upon an appeal from a justice is not final.

In conclusion it may be observed that the view which we have taken in this case does not deny to the plaintiff in error its con-

stitutional right of appeal, but only demands the enforcement of that right in the due and orderly manner which the statute has prescribed.

Having reached the conclusion that the court is without jurisdiction to entertain this writ of error we have, for obvious reasons, abstained from expressing any opinion on the merits.

For these reasons the writ of error must be dismissed as having been improperly awarded.

KEITH, P. (dissenting):

I am unable to concur in the decision in this case. In my opinion this court, and this court alone, has jurisdiction under the constitution and laws of Virginia to entertain an appeal from a justice's judgment rendered for a sum less than ten dollars in amount and involving a constitutional question.

I am further of opinion that the regulation prescribed by the State Corporation Commission, the validity of which is called in question in this record, is an invasion of the exclusive power of the Congress of the United States to legislate by virtue of Article I, section 8, clause 3, of the constitution of the United States, and is therefore null and void.

*Dismissed.*