# Richmond

## COPPERTHITE PIE CORPORATION v.
## WILTON L. WHITEHURST.

January 14, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Browning, JJ.

The opinion states the case.

*George A Weaver* and *James G. Martin*, for the plaintiff in error.

*James B. Denny* and *Venable, Miller, Pilcher & Parsons*, for the defendant in error.

HUDGINS, · J., delivered the opinion of the court.

The plaintiff, in a civil justice's court in the city of Norfolk, caused a warrant to be issued against the defendant for the sum of $71.50, the purchase price of pies sold and delivered to him. The judgment was for the plaintiff and the defendant appealed to the circuit court of the city of Norfolk. While it is not clear from the record whether or not the defendant filed a plea of set-off or counter claim in the civil justice's court, it is certain that he filed such a plea in the circuit court and on that plea the jury rendered a verdict against the plaintiff in the sum of $752.84, on which the court entered judgment. It is from that judgment that the writ of error was allowed.

The plaintiff contends that on the appealed warrant the circuit court had no jurisdiction of the cross claim and no right to enter judgment thereon.

In support of this contention it is urged that in an action for debt a justice of the peace has no jurisdiction to give judgment against the plaintiff on a plea of set-off; that Code sections 6144 and 6145 refer to proceedings in a court of record, and not to matters before a justice of the peace on warrants for small claims, which are treated under a different chapter of the Code; that the court of a justice of the peace, being a court of limited jurisdiction, has no power except that expressly conferred by statute.

It is, of course, well settled that a justice of the peace derives his authority only from statute, and has no greater

jurisdiction than that conferred by statute. The jurisdiction of a justice of the peace is prescribed in Code section 6015, and, eliminating so much of the section as does not apply to the case at bar, reads as follows: "Any claim * * * to any debt * * * or damages for breach of any contract * * * shall * * * if the claim do not exceed $300.00 * * *, be cognizable by a justice."

The trial must be conducted under the provisions of Code, section 6022, which reads, in part, as follows: "The justice shall try such warrant according to the *principles of law and equity* and give *judgment for the sum due to either party*." (Italics supplied.)

The plaintiff contends that on a trial before a justice the defendant would be entitled to plead common law recoupment, but that there could be no recovery over by the defendant, because recovery of the excess was not permissible at common law. Set-off, however while unknown to the common law, was recognized in equity from early times. 3 Story's Eq. Jur. (14th ed.) section 1871. The mere existence of mutual demands, distinct and independent in their nature, was no ground for equity jurisdiction, but once the parties were in that forum, equity, without the aid of the statute dealing with set-offs, would settle all conflicting claims between the parties.

In 24 R. C. L. 803, the doctrine of set-off, as applied in courts of equity, is stated thus:

"Although the doctrine of set-off was not recognized at common law, it was so absolutely necessary to the administration of justice that a court of equity could not fail to supply it when the common law omitted it, and long prior to the statute of set-offs it had been a familiar and favorite principle of courts of chancery to adjust in one suit all conflicting demands between the parties, which were readily capable of such adjustment, where, from the relations and situation of the parties and from the nature of their mutual

claims, equity and justice seemed to require a complete and speedy settlement." Numerous cases are cited which support the text.

The statute clearly contemplated that for controversies involving small claims between the parties the proceedings should be simple and recovery expeditious. When the justice allows an offset in the trial he is applying well-settled principles of equity, and therefore is within the express provision of the above section, and if he finds that the defendant's claim exceeds that of the plaintiff and gives judgment therefor he is still within the express mandate of the statute which provides that he shall "give judgment for the sum due to either party." By no other construction could force and effect be given to the above language. In the sections referred to the word "set-off" is not used, but it is used in section 6023, and the justice is directed when he allows the defendant a set-off to make the same notation on the paper evidencing the defendant's claim that he is required to make when he gives a judgment for the plaintiff. The entire section reads thus:

"The justice rendering any such judgment shall indorse on the face of the writing, account, or other paper, on which the warrant issued, or on any writing, account, or other paper, *allowed as a set-off*, the date and amount of the judgment and the costs, and affix his name thereto." (Italics supplied.)

Mayo's Guide, formerly a popular book extensively used by justices and lawyers and frequently cited in Minor's Institutes, has this to say:

" * * * it is the practice of courts of equity, where the plaintiff is found to be indebted to the defendant, to decree against the plaintiff for the sum ascertained to be due; so in a warrant for money, if the justice, upon hearing the parties, find that the plaintiff is indebted to the defendant, he should give judgment against the plaintiff for what-

ever sum he ascertains to be due to the defendant, if that sum be under $50.00 (now $300.00) exclusive of interest." See Mayo's Guide (2d ed.) page 669, later edition, page 657.

The wisdom of pleading a set-off before the average justice may be questionable, but when the above sections are considered together the right of the justice to entertain the plea and give judgment thereon seems to be expressly given. Usually, in such cases, when the defendant engages counsel and the amount in controversy exceeds $50.00 (formerly $20.00), the case is removed to a court of record, where the warrant is treated as a notice of motion under Code, section 6046, whereby the defendant is permitted to file the same defense allowed to a declaration. See Code, section 6017; Munford's Code (1873), section 1, chapter 147; Code of 1849, chapter 150, section 1.

Prior to the advent of the automobile, the justice had no jurisdiction over claims involving personal injuries. By the act of 1928, now Michie's Code, section 6097a, the jurisdiction of the justice of the peace was extended to include personal injuries and specific provision is therein made to allow cross-claims to be filed before a justice where the amount claimed for the injury does not exceed $300.00, but this provision is confined to tort actions involving injury to the person or property.

The foregoing discussion deals with the general jurisdiction of a justice of the peace. The case at bar arose in the civil justice's court for the city of Norfolk, and by chapter 124 of the Code of 1919 the jurisdiction of such courts in civil matters includes all matters cognizable by a justice of the peace for the counties, and "shall have concurrent jurisdiction with the circuit and city courts of general jurisdiction in actions at law, except for the recovery of a fine, where the amount in controversy does not exceed $1,000.00; provided, however, that where the amount in controversy exceeds the sum of $300.00 the

justice or judge shall" (section 3102), under certain conditions, remove the case to a court having jurisdiction of appeals from such civil courts.

The case at bar was tried by the civil justice and then appealed under Code, section 3106, which provides that where the amount in controversy is over $20.00 "there shall be an appeal of right to any of the courts exercising generally original common-law jurisdiction in such civil cases in his city, and all such appeals shall be tried and judgment rendered as provided by section 6038." Section 6038, formerly section 2957 of the Code of 1887, which provides how appealed cases from the court of a justice of the peace shall be tried, reads, in part, as follows:

"Every such appeal shall be tried by the court in a summary way, without pleadings in writing, or, if the amount in controversy exceed $20.00, by a jury, if either party requires it. All legal evidence produced by either party shall be heard, whether the same was produced or not before the justice from whose decision the appeal is taken, and the case shall be determined according to the principles of law and equity.   *   *   *   If the decision be reversed, the party substantially prevailing shall recover his costs; and such order or judgment shall be made or given as ought to have been made or given by the justice."

Appeals and removals from a justice were the subjects of additional legislation in 1916; see Acts of that year, page 758, a part of which is now Michie's Code, section 6018, and reads:

"Appeals under section 6027 from justices and warrants removed under the preceding section shall be tried according to the principles of law and equity, and where the same conflict the principles of equity shall prevail. No warrant shall be dismissed by reason of the mere defects, irregularities, or omissions in the proceedings before the justice, or in respect to the form of the warrant, where the

same may be corrected by a proper order of the court; but the court to which the appeal is taken, or the warrant removed shall retain the same, with full power to direct all necessary amendments, to enter such orders and direct such proceedings as will tend to correct the defects, irregularities, and omissions aforesaid, to promote substantial justice to all parties, and to bring about a trial of the merits of the controversy. This statute shall be liberally construed, to the end that justice be not delayed or denied by reason of errors in the warrant or in the form of the proceedings; and the court may make such provision as to costs and continuances as may be just."

Code, section 3105, provides that all procedure under this chapter in claims and proceedings to recover damages not exceeding $300.00 for injury done to the person, with certain exceptions, shall conform to the chapter concerning warrants for small claims. In other words, it is clearly intended that the procedure—that is, the notice, the pleadings, the trial and the judgment, with certain exceptions—shall be the same in the two courts.

If we are correct in the construction we have placed upon the statutes permitting the justices of the peace to hear and determine set-offs, it follows as a matter of course that on an appeal to a court of record, where greater latitude is expressly permitted in the trial of cases, a set-off may be filed. It is expressly stated that on the trial of the case "all legal evidence produced by any party shall be heard, whether the same was produced or not before the justice from whose decision the appeal is taken."

Judge Whittle, in the case of *Wygal* v. *Wilder*, 117 Va. 896, 86 S. E. 97, 98, in discussing an appeal from the board of supervisors to the circuit court, said: "Appeals from a justice likewise are tried *de novo*."

In the case of *So. Ry. Co.* v. *Hill*, 106 Va. 501, 56 S. E. 278, 280, it is held that "section 2957 of chapter 140

(Code of 1887) provides that upon appeal from the order or judgment of a justice the trial shall be had *de novo*."

The above construction has been the long accepted interpretation of the statutes regulating appeals from justices' courts. If there exists any doubt of its correctness this decision is intended to remove such doubt. To construe the statutes otherwise would increase litigation and frequently retard, rather than promote, justice. For instance: X, a citizen of New York, sells to Y, a citizen of Norfolk, an article of merchandise under warranty; the agreed purchase price is $1,000.00, $500.00 to be paid cash and $500.00 sixty days after delivery. Y, after receipt of the article and within the sixty days, discovers the article is not as represented. X sues Y in the civil justice's court of Norfolk for the balance of the purchase price; Y desires to set up breach of warranty and recover the $500.00 paid. If the contention of the plaintiff is correct, Y could neither recover against the plaintiff in the civil justice's court nor on appeal in the circuit court. This, so far as we are advised, has not been the accepted practice in this State, and the statutes admit of no such construction.

The second error assigned is in the refusal of the circuit court to set aside the verdict because it was without evidence to support it.

The plea of set-off filed by the defendant alleges that the sum of $905.24 was due by the plaintiff for breach of a written contract dated April 28, 1928, whereby Fred W. Nolde, trading as the Connecticut Pie Company, had agreed to give the defendant the exclusive right to sell in the city of Portsmouth, for a period of two years, pies manufactured by Nolde, the purchase price of the pies to be governed by the retail price prevailing in the city of Norfolk, and that the plaintiff was successor to the Connecticut Pie Company and had assumed all liabilities of the contract.

The plaintiff proved that the $71.50 was due for the purchase price of the pies sold and delivered to the defendant; the defendant proved that the market price of pies in the city of Norfolk was one cent lower than that named in the contract. The defendant testified that he had purchased enough pies from the plaintiff, if this price were allowed, to show a loss of the amount set up in his plea. The record, however, fails to show that the plaintiff assumed any liability under the contract referred to, and until this fact is proven the defendant is not entitled to recover.

Considering the entire record, we are of opinion that the ends of justice will be promoted by setting aside the verdict of the jury and the judgment of the court thereon, and remanding the case for a new trial.

*Reversed.*