## CIRCUIT COURT OF FAIRFAX COUNTY

Paul A. DeFelice

    v.

Sanford Wool

March 14, 1988

Case No. (Law) 82972

By JUDGE THOMAS J. MIDDLETON

Defendant Wool has appealed a decision rendered by the General District Court of the County of Fairfax on December 29, 1987. In this appeal, he has filed, for the first time, a counterclaim alleging breach of contract and two breaches of warranty. The matter is currently before the Court on Plaintiff's motion to dismiss that counterclaim. For the reasons specified below, however, Plaintiff's motion is denied.

Plaintiff cites *Addison v. Salyer*, 185 Va. 644 (1946), and *K-B Corporation v. Gallagher*, 218 Va. 381 (1977), for the proposition that this Court cannot consider Defendant's counterclaim because its subject matter jurisdiction is derivative of that exercised by the general district court. Since Defendant failed to file his claim in the court below, Plaintiff argues, this Court has no jurisdiction to consider it now.

Although this Court's jurisdiction on appeal is entirely derivative, *Stacy v. Mullins*, 185 Va. 837 (1946), neither *Addison* nor *Gallagher* preclude it from hearing Defendant's counterclaim. The *Addison* Court, relying on the derivative jurisdiction rule, held that on appeal, a party cannot amend his pleadings to state a case beyond the lower court's jurisdiction even though the circuit

court would have had jurisdiction had the matter been filed there in the first instance. 185 Va. 644, 651-52; *see also Burks Pleading and Practice*, § 34 at 38 (4th ed. 1952). The *Gallagher* Court, on the other hand, never even discussed derivative jurisdiction. It simply held that a defendant who fails to seek a definitive ruling on a counterclaim filed with the district court cannot revive the pleading on appeal to the circuit court because he is deemed to have abandoned his claim. 218 Va. 381, 386-87.

The case at bar presents circumstances quite different from those addressed by *Addison* and *Gallagher*. Factually, it is more like *Copperthite v. Whitehurst*, 157 Va. 480 (1932), which held that "on an appeal to a court of record, where greater latitude is expressly permitted in the trial of cases, a set-off may be filed" for the first time even though it was not clear from the record that it had been filed in the court below. *Id*. at 487. The Court relied on § 6038 of the Code of 1919 which provided that "all legal evidence produced by any party shall be heard, whether the same was produced or not before the justice whose decision the appeal is taken." *Id*. That provision, now codified at Va. Code § 16.1-113 (Supp. 1987), remains substantially the same and prescribes the procedural steps to be followed in this case.

It is the opinion of this Court that the rule of *Copperthite* governs this case. Although it involved a set-off as opposed to a counterclaim, the decision is generally construed to permit a defendant to file, for the first time on appeal, a counterclaim as long as the claim otherwise falls within the jurisdictional limits of the district court. *See* Boyd, Graves and Middleditch, *Virginia Civil Procedure* § 1.6 at 19-20 n. 130 (1982). In Virginia, counterclaims and set-offs are no longer considered to be separate and distinct. In fact, the term "counterclaim" in Rule 3:8 of the Rules of the Virginia Supreme Court encompasses set-offs and recoupments, as well as other counterclaims at law. *Burks Pleading and Practice* sect. 243 at 433 n. 11 (4th ed. 1952). To construe these terms otherwise would merely frustrate the underlying policy of *Copperthite* by increasing litigation and retarding, rather promoting, justice. *See Copperthite*, 157 Va. at 488.

The counterclaim filed by Defendant falls within the jurisdictional limits of the district court and therefore this Court has derivative jurisdiction. Accordingly, Plaintiff's motion to dismiss that counterclaim is denied.