526 S.E.2d 780

**Michael A. MAHONEY, Sr.**

v.

**Jeanne M. MAHONEY.**

**Record No. 2949–98–4.**

Court of Appeals of Virginia,
Alexandria.

April 4, 2000.

Ted Kavrukov (Kavrukov, Mehrotra & DiJoseph, on briefs), Arlington, for appellant.

John R. Angus (Szabo & Angus, P.L.L.C., on brief), Arlington, for appellee.

Present: BENTON and ANNUNZIATA, JJ., and DUFF, Senior Judge.

BENTON, Judge.

Michael A. Mahoney, Sr., appealed to the circuit court from a judgment of the juvenile and domestic relations district court. The trial judge dismissed the appeal because Mahoney had not filed the bond fixed by the juvenile court judge. On this appeal, Mahoney contends the trial judge erred in dismissing his appeal in its entirety because Code § 16.1–296(H) does not require an appeal bond for some issues he sought to appeal. For the reasons that follow, we agree with Mahoney and remand to the circuit court Mahoney's appeal of the jurisdictional issue.

I.

This matter commenced in the juvenile and domestic relations district court in 1995 upon the petition of Jeanne M. Mahoney, Mahoney's former wife, for a determination of custody and support of their minor children. Various orders were entered. In 1998, Mahoney's former wife filed a petition in the juvenile court requiring Mahoney to show cause why he

should not be found in contempt. A judge of the juvenile court adjudged Mahoney in contempt for "failure to pay child support, spousal support, medical bills and attorney's fees" as previously ordered, "granted a judgment [against Mahoney] in the amount of $151,902.52 ... [as] arrears in child support, spousal support, medical payments and attorney's fees," and decreed other relief.

Mahoney appealed that judgment to the circuit court. He noted on the notice of appeal that he "appeals jurisdiction of the Court [to] enter any orders and the validity of all orders entered in this case based on fraud" and that "[h]e is not appealing amounts of support." The juvenile court judge fixed the bond at $165,888.52. When Mahoney failed to post the bond, his former wife filed a motion to dismiss the appeal.

At a hearing in the circuit court, Mahoney's counsel informed the trial judge that Mahoney was "not appealing the contempt" and was "not appeal[ing] the amount of support." He argued that he was "appeal[ing] ... the lack of subject matter jurisdiction by the Court." Ruling that a party "can't piecemeal the appeal," the trial judge granted the motion to dismiss. This appeal followed.

## II.

In pertinent part, Code § 16.1–296(H) provides as follows:

No appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court except for that portion of any order or judgment establishing a support arrearage or suspending payment of support during pendency of an appeal. In cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered. Upon appeal from a conviction for failure to support or from a finding of civil or criminal contempt

involving a failure to support, the juvenile and domestic relations district court may require the party applying for the appeal or someone for him to give bond, with or without surety, to insure his appearance and may also require bond in an amount and with sufficient surety to secure the payment of prospective support accruing during the pendency of the appeal. An appeal will not be perfected unless such appeal bond as may be required is filed within thirty days from the entry of the final judgment or order.

Although the statute clearly states that "[i]n cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond," in equally clear language the statute begins by stating that "[n]o appeal bond shall be required . . . except for that *portion* of any order or judgment . . . establishing a support arrearage." *Id.* (emphasis added).

By its explicit terms, the statute removes the requirement for posting a bond except as provided in the statute. The provision specifying that a bond shall be required for an appeal of a judgment establishing support. arrearages implicitly recognizes that an order that sets arrearages may have a component that does not establish a support arrearage. In such a case, an appeal bond is required only for "that portion of any order . . . establishing a support arrearage."

*Avery v. Commonwealth,* 22 Va.App. 698, 700, 472 S.E.2d 675, 676 (1996) (citation omitted). We hold that Mahoney's appeal of the "jurisdiction of the Court [to] enter any order" is not an appeal of a "portion of any order or judgment establishing a support arrearage."

Consistent with his notation on the notice of appeal, Mahoney informed the trial judge during the hearing that he was "appeal[ing] . . . the lack of subject matter jurisdiction of the [juvenile and domestic relations district] court." Specifically, Mahoney alleged that the juvenile court never acquired jurisdiction under the Uniform Child Custody Jurisdiction Act or the Uniform Interstate Family Support Act. His challenge was

not to any portion of the judgment but to the power of the court to render any judgment.

This jurisdictional challenge is not subject to the appeal bond requirement because it is not an appeal from "that portion of any order or judgment establishing a support arrearage." Code § 16.1–296(H). Further, the lack of jurisdiction may be raised at any time, because without subject matter jurisdiction, "a judgment on the merits made without subject matter jurisdiction is null and void." *Morrison v. Bestler*, 239 Va. 166, 170, 387 S.E.2d 753, 755–56 (1990). The Supreme Court has ruled as follows:

> "[T]he record is never conclusive as to the recital of a jurisdictional fact, and the defendant is always at liberty to show a want of jurisdiction, although the record avers the contrary. If the court had no jurisdiction, it had no power to make a record, and the supposed record is not in truth a record."

*Slaughter v. Commonwealth*, 222 Va. 787, 793, 284 S.E.2d 824, 827 (1981) (citation omitted). "[A]ny subsequent proceeding based on ... a [jurisdictionally] defective judgment is void or a nullity." *Morrison*, 239 Va. at 170, 387 S.E.2d at 756.

Moreover, we conclude that "[Mahoney's] argument sufficiently 'inform[ed] the court that he was pursuing an appeal of the [court's jurisdiction] and not appealing the determination of the support arrearage.'" *Avery*, 22 Va.App. at 702, 472 S.E.2d at 677 (quoting *McCall v. Commonwealth, Dept. of Soc. Services*, 20 Va.App. 348, 352–53, 457 S.E.2d 389, 392 (1995)). In *McCall*, where the pre–1992 version of Code § 16.1–107 was in effect, the party appealing from a juvenile court judgment "did not specify or indicate in any way that he was appealing only the civil contempt citation and not the determination as to the amount of his support arrearage." *Id.* at 350, 457 S.E.2d at 391. Noting that McCall initially asserted the limited nature of his appeal only in this Court, we held that the party appealing from a juvenile court judgment is responsible for bifurcating in the notice of appeal to the circuit court the issues the party intends to separately pursue. *See id.* at

349, 457 S.E.2d at 390.  Unlike *McCall*, Mahoney separately listed in his notice of appeal to the circuit court the matters he wished to appeal and he orally stated the limited nature of his appeal.

For these reasons, we reverse and remand this matter to the circuit court for consideration solely on the issue whether the juvenile court acquired subject matter jurisdiction.

*Reversed and remanded.*

ANNUNZIATA, Judge, dissenting.

I respectfully dissent from the majority's opinion in this case that Code § 16.1–296(H) is subject to the bifurcated reading which they give it.  Accordingly, I would affirm the decision of the circuit court and find that an appellant cannot challenge the jurisdiction of the court which adjudicated arrearages without posting the bond required by Code § 16.1–296(H).

Code § 16.1–296(H) provides, in pertinent part:

No appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court except for that portion of any order or judgment establishing a support arrearage or suspending payment of support during pendency of an appeal.  *In cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered.*  Upon appeal from a conviction for failure to support or from a finding of civil or criminal contempt involving a failure to support, the juvenile and domestic relations district court may require the party applying for the appeal or someone for him to give bond. . . .  An appeal will not be perfected unless such appeal bond as may be required is filed within thirty days from the entry of the final judgment or order.

(Emphasis added). Mahoney contends the circuit court erroneously dismissed his appeal *de novo* because he limited his appeal to a challenge of the court's jurisdiction. He reasons that, having specifically excluded from his notice of appeal the juvenile court's establishment of a support arrearage and its finding of contempt, he was not required to post an appeal bond under Code § 16.1–296(H). The majority agrees, citing *Avery v. Commonwealth, Dept. of Soc. Servs., ex rel. Clark,* 22 Va.App. 698, 472 S.E.2d 675 (1996), as controlling authority for the proposition that the statute permits bifurcated appeals.

I believe *Avery* can be distinguished. Although *Avery* holds an appeal bond is required only for " 'that portion of any order ... establishing a support arrearage,' " *id.* at 700, 472 S.E.2d at 676 (quoting Code § 16.1–296(H)), I find nothing in the language of Code § 16.1–296(H), on which the holding in *Avery* is premised, that permits a party to avoid the bond requirement by selectively appealing non-support issues in a bifurcated appeal.

Mahoney's challenge to the validity of "all orders entered" by the juvenile court, and to the authority of the court to enter any such orders, necessarily and logically implicates a challenge to the subject of the orders entered by the juvenile court. In this case, the order Mahoney appealed from the juvenile court to the circuit court established a support arrearage he owed to his former wife. Thus, Mahoney's appeal from the juvenile court's order was necessarily subject to the jurisdictional requirement of Code § 16.1–296(H), which requires an appeal bond "for that portion of any order establishing a support arrearage."

In addition, not only is the substantive issue of support arrearages logically related to, and inherent in, Mahoney's challenge to the jurisdiction of the court and the claimed invalidity of "all orders entered," but the law governing appeals from courts not of record also provides a well-established legal foundation for the imposition of bond. An appeal from a court not of record is tried *de novo. See* Code §§ 16.1–106, 16.1–113; *see Copperthite Pie Corp. v. Whitehurst,* 157

Va. 480, 488, 162 S.E. 189, 191 (1932); *see also Hailey v. Dorsey*, 580 F.2d 112, 114 (4th Cir.1978), *cert. denied*, 440 U.S. 937, 99 S.Ct. 1282, 59 L.Ed.2d 495 (1979). Such an appeal transfers the *entire* record to the circuit court for retrial *as though the case had been originally brought there. See Addison v. Salyer*, 185 Va. 644, 649, 40 S.E.2d 260, 263 (1946). Upon transfer, the order and judgment of the lower court are annulled. *See Ragan v. Woodcroft Village Apts.*, 255 Va. 322, 327, 497 S.E.2d 740, 742 (1998) (citing *Nationwide Mut. Ins. Co. v. Tuttle*, 208 Va. 28, 32, 155 S.E.2d 358, 361 (1967)); *see also Evans v. Taylor*, 28 W.Va. 184 (1886) (an appeal from a court not of record vacates and sets aside the judgment, and differs from a proceeding seeking review by writ of error, in which case the judgment is merely suspended).

It follows that because no case or judgment exists in the lower court, and because the circuit court upon appeal acts as the tribunal of original jurisdiction, it must address and dispose of all issues raised by the petitioner in the lower court. *See Addison*, 185 Va. at 649, 40 S.E.2d at 263 ("A court which hears a case *de novo* ... acts not as a court of appeals but as one exercising original jurisdiction."). Specifically, the circuit court must decide both the issue of jurisdiction and the issue of arrearages, because no judgment on arrearages exists once the matter is appealed from the lower tribunal.[1] In short, there is no authority for a bifurcated appeal from the juvenile

---

1. For example, if jurisdiction is found to exist on appeal, the circuit court must determine arrearages. It is reversible error to permit the judgment of the lower court to be introduced as evidence in the case and no other judgment on the issues is extant, because that of the lower court is annulled. *See Nationwide*, 208 Va. 28, 155 S.E.2d 358; *Gravely v. Deeds*, 185 Va. 662, 40 S.E.2d 175 (1946). Conversely, if the circuit court found no jurisdiction, the case would be dismissed and no arrearages would have been established. Moreover, that the party bringing the appeal prevails in the trial *de novo* is insufficient to avoid the dictate of Code § 16.1–296(H) that "no appeal shall be allowed unless and until a bond is given by the party applying for the appeal." *Commonwealth ex rel. May v. Walker*, 253 Va. 319, 322, 485 S.E.2d 134, 136 (1997).

and domestic relations district court to the circuit court, and *Avery* cites none.

The policy underlying the requirement of appeal bonds is clear. An appeal bond provides assurances that any judgment that may be rendered on appeal, if perfected, will be satisfied. *See* generally Code § 16.1–107; *Burks v. Three Hills Corp.*, 214 Va. 322, 323, 200 S.E.2d 521, 522 (1973) (citing *Jenkins v. Bertram*, 163 Va. 672, 177 S.E. 204 (1934)); *cf. Commonwealth, Dept. of Soc. Servs. ex rel. Comptroller v. Skeens*, 18 Va.App. 154, 157–58 n. 4, 442 S.E.2d 432, 434 n. 4 (1994) (holding that appellant was not required to post bond where the appeal concerned appellant's motion in juvenile and domestic relations district court to quash an order that did not establish a support arrearage or enter judgment for an arrearage). Such bonds also provide assurances in cases in which an appeal is not perfected that the judgment of the court in which it was rendered will be satisfied. *Accord Burks*, 214 Va. at 323, 200 S.E.2d at 522. Indeed, the policy considerations underlying the need for bond upon appeal from the lower court are so material to the statutory scheme reflected in Code § 16.1–296(H) that the failure to post the required bond will constitute reversible error even when the appellant prevails in the trial *de novo*. *See Commonwealth ex rel. May v. Walker*, 253 Va. 319, 323, 485 S.E.2d 134, 136–37 (1997). The position urged by Mahoney in this case is antithetical to the purposes served by the requirement of bond upon appeal, and we should therefore decline to adopt it.

For the foregoing reasons, I respectfully dissent from the majority's opinion in the case and would affirm the decision of the trial court.