COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Senior Judge Hodges


DAVID B. BOSTWICK
                                    MEMORANDUM OPINION*
v.   Record Nos. 2203-01-4, 2204-01-4      PER CURIAM
          and 2205-01-4              JANUARY 29, 2002

KELLY J. WOODS


          FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                  James H. Chamblin, Judge

          (David B. Bostwick, pro se, on brief).

          No brief for appellee.


     David B. Bostwick (father) appeals the decision of the

circuit court granting Kelly J. Woods' (mother) motion to dismiss

his appeal of a juvenile and domestic relations district court's

(juvenile court) order.  The juvenile court denied his petition to

modify child support, established an amount of arrearages he owed

mother, and awarded mother attorney's fees.  On appeal, father

contends the circuit court erred by dismissing his appeal because

he failed to timely post his appeal bond pursuant to Code

§ 16.1-296.  He argues his appeal from the order concerning

modification of child support and the award of attorney's fees did

not require the posting of an appeal bond.  Upon reviewing the

record and opening brief, we conclude that these appeals are

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Procedural Background

Amanda Bostwick was born to father and mother on October 24, 1993 in California.  A California court subsequently awarded mother custody and child support.  The parties moved to Virginia in 2000, and mother registered the California custody and child support orders in the juvenile court.  Father then moved the court to modify the child support payments he was making to mother.  Mother moved the court for a show cause order to establish the amount of arrearages owed her by father.  In a May 16, 2001 order, the court granted mother's motion to strike father's petition, determined the amount of arrearages, and awarded mother attorney's fees.

On May 25, 2001, father appealed the court's ruling to the circuit court.  The juvenile court set an appeal bond in the amount of $10,000.  Father failed to post the bond within the time period set by Code § 16.1-296, and the circuit court dismissed his appeal for that reason.

A written statement of facts is in the record; but, because it has not been signed by the trial judge, we will not consider

-

it.  However, we find it is not indispensable for a disposition of the issues.[1]

Analysis

Father contends the circuit court erroneously dismissed his appeal regarding the juvenile court's denial of child support modification and its award of attorney's fees.  He reasons that he was not required to post an appeal bond under Code § 16.1-296(H) for the portions of his appeal not addressing the juvenile court's establishment of a support arrearage.

Code § 16.1-296(H) provides, in pertinent part:

> In cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered.

Father appealed from the juvenile court's May 16, 2001 order, which included the establishment of arrearages as well as the award of attorney's fees and denial of his motion for child support modification.

> An appeal from a court not of record is tried de novo.  See Code §§ 16.1-106, 16.1-113; Copperthite Pie Corp. v. Whitehurst, 157 Va. 480, 488, 162 S.E. 189, 191 (1932) (citing Southern Ry. Co. v. Hill, 106 Va. 501, 505, 56 S.E. 278, 280 (1907)); see also Hailey v. Dorsey, 580 F.2d 112, 114

---

[1] We therefore find it unnecessary to address mother's motions to dismiss.

-

(4th Cir. 1978), cert. denied, 440 U.S. 937
(1979).  Such an appeal transfers the entire
record to the circuit court for retrial as
though the case had been originally brought
there.  See Addison v. Salyer, 185 Va. 644,
650, 40 S.E.2d 260, 263 (1946).  Upon
transfer, the order and judgment of the
lower court are annulled.  See Ragan v.
Woodcroft Village Apts., 255 Va. 322, 327,
497 S.E.2d 740, 742 (1998) (citing
Nationwide Mut. Ins. Co. v. Tuttle, 208 Va.
28, 32, 155 S.E.2d 358, 361 (1967)).

It follows that because no case or
judgment exists in the lower court, and
because the circuit court upon appeal acts
as the tribunal of original jurisdiction, it
must address and dispose of all issues
raised by the petitioner in the lower court.

Mahoney v. Mahoney, 34 Va. App. 63, 66-67, 537 S.E.2d 626, 628

(2000).  Consequently, "the circuit court must decide . . . the

issue of arrearages, because no judgment on arrearages exists

once the matter is appealed from the lower tribunal."  Id.  As

such, father's failure to post bond under Code § 16.1-296(H) was

fatal to his appeal.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

Affirmed.

-