## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia, etc.

v.

Charles Lee Neal

February 13, 2002

Case Nos. HQ-1327-A and HQ-1336-A

BY JUDGE RANDALL G. JOHNSON

These are two appeals from the Juvenile and Domestic Relations District Court of the City of Richmond. At issue is whether the holding of *Mahoney v. Mahoney*, 34 Va. App. 63, 537 S.E.2d 626 (2000), requires dismissal of the appeals because of the appellant's failure to post appeal bonds. The court holds that it does not.

It is difficult to determine the precise history of these cases from the records before this court. What can be determined is that the Division of Child Support Enforcement (DCSE), acting on behalf of two women with children by Charles Lee Neal, had show cause summonses issued against Neal for his failure to pay court-ordered child support. On May 22, 2001, the juvenile court found Neal in contempt in both cases. The disposition portions of the preprinted summonses show that Neal was sentenced to jail in each case until he paid $500 or until the expiration of six months, whichever occurred first. The written dispositions also set the amount of arrears in each case. In what is now Case No. HQ-1327-A, the juvenile court set arrears at $10,002. In what is now Case No. HQ-1336-A, arrears were set at $4,810. No appeal bond was set on May 22 in either case. Neal, by counsel, noted his appeal in each case on May 23.

On June 20, 2001, apparently at the request of Neal's counsel, the juvenile judge added to the previously entered disposition on the summons form in each case an appeal bond equal to the amount of arrears in that case, but with

the proviso that "[i]f not contesting amount of arrears, no bond required." Counsel for DCSE was not given notice of the hearing or meeting at which the June 20 additions were made. It is now the position of DCSE, relying on *Mahoney*, that Neal's failure to post appeal bonds is fatal to the appeals. The court disagrees.

Before discussing *Mahoney*, the court notes that it agrees with DCSE that the juvenile court's attempt to set appeal bonds on June 20, 2001, is a nullity. Rule 1:1 of the Rules of the Supreme Court of Virginia provides that final orders remain under the control of a court for twenty-one days and can be modified, vacated, or suspended during that period only. The final orders in these cases were entered on May 22, 2001. They were not subject to modification after June 12.

The court also recognizes that, if Neal were required by statute to post appeal bonds, the juvenile court's failure to set such bonds does not help him. In *Commonwealth v. Walker*, 253 Va. 319, 485 S.E.2d 134 (1997), which involved the same statutory provision that is at issue now, the Court of Appeals had held that the juvenile court's failure to require a bond excused the appellant from posting one. The Supreme Court disagreed:

> [W]e reject the Court of Appeals' ruling that, because the District Court failed to require a bond, the Circuit Court was not deprived of its jurisdiction. We conclude that Code § 16.1-296(H) places the burden on the party applying for the appeal to ask for and to have the district court set the bond and approve the surety. It is fundamental that the appealing party has the burden of perfecting his appeal.

253 Va. at 322.

Accordingly, the court holds that no appeal bonds were set by the juvenile court. The court further holds that, if Neal were required to post appeal bonds in order for these appeals to proceed, the juvenile court's failure to set such bonds would not excuse his failure to meet that requirement. Still, the court holds that the appeals can proceed.

The statutory provision at issue in *Mahoney* and in these appeals is Va. Code § 16.1-296(H). The relevant portion of that statute is as follows:

> No appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court except for that portion of any order or judgment establishing a support arrearage or suspending payment of support during pendency of an appeal. In cases involving support, no appeal shall be allowed until the party

applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered. Upon appeal from a conviction for failure to support or from a finding of civil or criminal contempt involving a failure to support, the juvenile and domestic relations district court may require the party applying for the appeal or someone for him to give bond, with or without surety, to insure his appearance and may also require bond in an amount and with sufficient surety to secure the payment of prospective support accruing during the pendency of the appeal. An appeal will not be perfected unless such appeal bond as may be required is filed within thirty days from the entry of the final judgment or order.

Citing *Mahoney*, DCSE argues that the second sentence of the statute, "in cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond," requires the posting of a bond in *all* appeals from juvenile court in which support arrears have been set, even appeals that do not challenge the arrears. DCSE gives too broad a reading to *Mahoney*.

In *Mahoney*, a father appealed a decision of a juvenile court which found him in contempt for failing to comply with court-ordered support, both child and spousal, as well as medical bills and attorney's fees. The court entered judgment against the father in the amount of $151,902.52, the amount of arrears due to the mother. On appeal to the circuit court, the father characterized the appeal as one challenging the "jurisdiction of the Court [to] enter any orders and the validity of all orders entered in this case based on fraud." 34 Va. App. at 65. He specifically noted his intention not to appeal the amounts of support found to be due and owing. *Id.* An appeal bond was set at $165,888.62. When the father failed to post the bond, the circuit court dismissed the appeal. The Court of Appeals affirmed.

In making its decision, the Court of Appeals quoted the portion of Va. Code § 16.1-296(H) set out above, emphasizing the second sentence. It then noted the father's argument that since he had excluded from his notice of appeal the juvenile court's establishment of a support arrearage and its finding of contempt, he was not required to post an appeal bond under the statute. 34 Va. App. at 66. The Court then said:

Mahoney's challenge to the validity of "all orders entered" by the juvenile court, and to the authority of the court to enter any such orders, necessarily and logically implicates a challenge to the subject of the orders entered by the juvenile court. In this case, the order Mahoney appealed from the juvenile court to the circuit court established a support arrearage he owed to his former wife. Thus, Mahoney's appeal from the juvenile court's order was necessarily subject to the jurisdictional requirement of Code § 16.1-296(H), which requires an appeal bond "for that portion of any order establishing a support arrearage."

34 Va. App. at 66.

The above language immediately and easily distinguishes *Mahoney* from the cases-at-bar and from *Avery v. Commonwealth*, 22 Va. App. 698, 472 S.E.2d 675 (1996). Despite his later protestations to the contrary, the father in *Mahoney* challenged "the validity of '*all orders entered*'." Emphasis added. Such challenge necessarily included the support arrears contained in those orders. By contrast, the fathers in the cases-at-bar and in *Avery* challenged only the courts' findings of contempt. As the Court of Appeals said in *Avery*:

> By its explicit terms, the statute removes the requirement for posting a bond except as provided in the statute. The provision specifying that a bond shall be required for an appeal of a judgment establishing support arrearages implicitly recognizes that an order that sets arrearages may have a component that does not establish a support arrearage. In such a case, an appeal bond is required only for "that portion of any order . . . establishing a support arrearage."

22 Va. App. at 700.[1]

Other language in *Mahoney* also makes it clear that its holding does not apply to the facts of the cases-at-bar. After holding that the father's attack on all orders of the juvenile court "necessarily" subjected his appeal to the statutory bond requirement, the Court added:

> In addition, not only is the substantive issue of support arrearages logically related to, and inherent in, Mahoney's challenge to the jurisdiction of the court and the claimed invalidity of "all orders

---

[1] Surprisingly, Neal argues in his brief to this court that *Avery* was overruled by *Mahoney*. In fact, *Avery* is not mentioned in *Mahoney's* majority opinion at all.

entered," but the law governing appeals from courts not of record also provides a well established legal foundation for the imposition of bond. An appeal from a court not of record is tried *de novo*. *See* Code §§ 16.1-106, 16.1-113; *Copperthite Pie Corp. v. Whitehurst*, 157 Va. 480, 488, 162 S.E. 189, 191 (1932) (citing *Southern Ry. Co. v. Hill*, 106 Va. 501, 505, 56 S.E. 278, 280 (1907)); *see also Hailey v. Dorsey*, 580 F.2d 112, 114 (4th Cir. 1978), *cert. denied*, 440 U.S. 937 (1979). Such an appeal transfers the *entire* record to the circuit court for retrial *as though the case had been originally brought there. See Addison v. Salyer*, 185 Va. 644, 650, 40 S.E.2d 260, 263 (1946). Upon transfer, the order and judgment of the lower court are annulled. See *Ragan v. Woodcroft Village Apts.*, 255 Va. 322, 327, 497 S.E.2d 740, 742 (1998) (citing *Nationwide Mut. Ins. Co. v. Tuttle*, 208 Va. 28, 32, 155 S.E.2d 358, 361 (1967)).

It follows that because no case or judgment exists in the lower court, and because the circuit court upon appeal acts as the tribunal of original jurisdiction, it must address and dispose of all issues raised by the petitioner in the lower court. *See Addison*, 185 Va. at 649, 40 S.E.2d at 263 ("A court which hears a case *de novo.* . . acts not as a court of appeals but as one exercising original jurisdiction." (quoting *Gemmell, Inc. v. Svea Fire Ins. Co.*, 166 Va. 95, 98, 184 S.E. 457, 458 (1936))). Specifically, the circuit court must decide both the issue of jurisdiction and the issue of arrearages, because no judgment on arrearages exists once the matter is appealed from the lower tribunal.

4 Va. App. at 66-67 (emphasis in original).

The above language fits perfectly with the facts of *Mahoney*; that is, an appeal challenging the validity *of all orders entered* by the juvenile court. Indeed, the cases cited in *Mahoney* are all civil cases, cases in which district court judgments *are* annulled upon appeal. Even the statutory provisions cited in *Mahoney*, Va. Code §§ 16.1-106 and 16.1-113, govern *civil* cases over which *general* district courts, not *juvenile and domestic relations* district courts, have jurisdiction. Specifically, Va. Code § 16.1-106 grants an appeal of right in certain civil cases. Section 16.1-113 specifies how such appeals shall be tried in circuit court. That those provisions do not apply to appeals from *juvenile and domestic relations* district courts is made clear by Va. Code § 16.1-77, which gives *general* district courts exclusive original jurisdiction of civil cases involving claims of $3,000 or less and concurrent jurisdiction with the circuit courts of civil cases involving claims above $3,000, and by Va. Code § 16.1-69.5(b), which defines "general district courts" as "all courts not of record, *except juvenile and domestic relations district courts*. . . ."

Emphasis added. As *Mahoney* makes clear, when a *civil* case is appealed from *general* district court, the entire order of the lower court is necessarily at issue because "no case or judgment exists in the lower court" after the appeal is taken. As *Mahoney* also makes clear, that same rationale applies to the facts of that case since the appellant challenged *all orders entered* by the juvenile court. That is simply not true in the appeals now at issue.

Virginia Code § 16.1-298, which governs appeals from juvenile court, makes appeals in cases involving child support fundamentally different from appeals from general district court in civil cases. While an appeal from general district court in a civil case means, as *Mahoney* points out, that the "order and judgment of the lower court are annulled," § 16.1-298(A) specifically provides:

> Except as provided herein, *a petition for or the pendency of an appeal or writ of error shall not suspend any judgment, order, or decree of the juvenile court. . . .*

Emphasis added.

Then, after setting out circumstances in which juvenile court orders *are* suspended on appeal, subsection B of the statute states:

> Such suspension as is provided for in this subsection *shall not apply to (i) an order for support of a spouse, parent, or child. . . .*

Emphasis added.

The court rejects DCSE's argument that *Mahoney's* rationale based on appeals in civil cases from general district court applies to appeals in child support cases from juvenile court when the appellant does not challenge "all orders entered" by the juvenile court.

The court's holding is also supported by other language of the statute. The first sentence of § 16.1-296(H) provides that "[n]o appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court except for that *portion* of any order or judgment establishing a support arrearage or suspending payment of support during pendency of an appeal." Emphasis added. If, as DCSE argues, only the *entire* order of a juvenile court can be appealed, why did the General Assembly bother to say anything about a *portion* of an order? Why not simply say "except for any order or judgment establishing a support arrearage"? A settled rule of statutory construction is that "an enactment should be interpreted, if possible, in a manner which gives meaning to every word." *Monument Associates v. Arlington County Board*, 242 Va. 145, 149, 408 S.E.2d 889 (1991). *See also Gallagher v. Commonwealth*, 205 Va. 666, 669, 139 S.E.2d 37

(1964); *Baker v. Commonwealth*, 28 Va. App. 306, 315, 504 S.E.2d 394 (1998); *Gray v. Graves Mountain Lodge*, 26 Va. App. 350, 356, 494 S.E.2d 866 (1998). DCSE's interpretation of the second sentence of the statute "literally reads right out of the [statute]" the words "that portion of" contained in the first sentence. *Monument Associates v. Arlington County Board, supra*, at 669.

DCSE also cites the very recent Court of Appeals case of *Bostwick v. Woods*, Record Nos. 2203-01-4, 2204-01-4, and 2205-01-4 (decided January 29, 2002), as support for its position that *Mahoney* means what DCSE says it means. In fact, that case cites extensively from *Mahoney*, including the rationale based on appeals of civil cases from general district courts. Like *Mahoney*, however, *Bostwick* involved an appeal of more than just a finding of contempt. The father in *Bostwick* contended that "the circuit court erroneously dismissed his appeal regarding the *juvenile court's denial of child support modification and its award of attorney's fees*" to the mother. Slip Opinion at 2 (emphasis added). No such contentions are made in the present appeals.

DCSE's argument is also not supported by *Commonwealth v. Walker*, 253 Va. 319, 485 S.E.2d 134 (1997), cited earlier in this opinion. In that case, the juvenile court found a father in contempt for failing to pay child support in the amount of $2,395. The father noted an appeal but did not post an appeal bond. The circuit court rejected DCSE's argument that it lacked jurisdiction due to the father's failure to post a bond, heard the case on the merits, and found that the father was not in arrears. The Court of Appeals, finding that the juvenile court had failed to require a bond, affirmed. The Supreme Court reversed.

As noted earlier in this opinion, the Supreme Court held that the juvenile court's failure to set an appeal bond did not excuse the appellant's failure to post a bond. Specifically, the Supreme Court held that the burden is on the party applying for an appeal "to ask for and have the district court set the bond and approve the surety." 253 Va. at 322. The Supreme Court did not address the issue of whether a person appealing only a finding of contempt, and not the amount of arrears, must post a bond. Indeed, the fact that the circuit court "found that Walker was not in arrears," 253 Va. at 319, shows that the amount of arrears *was* appealed in that case. The amounts of arrears are not being appealed here.

In light of the above holding, the court does not address Neal's constitutional argument; that is, that by requiring a bond to appeal a jail sentence, § 16.1-296(H) is contrary to the holding of *Griffin v. Illinois*, 351 U.S. 12 (1956), that once a state grants defendants a right of appeal, it cannot condition that right in a manner that violates the constitutional guarantee of equal protection. *See* 351 U.S. at 18-19.

Counsel should confer with their clients and with each other and set a hearing on the merits of the appeals.