# Wytheville.

## C. Albert Jacob, Jr., and United States Fidelity & Guaranty Company v. Commonwealth of Virginia, Suing at the Relation and for the Benefit of E. L. Myers.

June 16, 1927.

Absent, Prentis, P.

1. Appeal and Error—*Suspending Bond—Purpose of Statute Requiring Suspending Bond.*—The purpose of the statute, Code of 1919, section 6338, in requiring a suspending bond is to protect the plaintiff against any loss or damage he may sustain by reason of the suspension of his right to proceed with the collection of his judgment against the defendant.

2. Appeal and Error—*Action on Suspending Bond—Burden on Plaintiff to Prove That he Could Have Collected Judgment.*—In an action on a suspending bond given under Code of 1919, section 6338, the burden is on the plaintiff to prove, by a preponderance of the evidence, that but for the bond he could have collected his judgment.

3. Appeal and Error—*Action on Suspending Bond—Plaintiff's Ability to Collect Judgment—Presumption That Public Officers Will Do Their Duty—Case at Bar.*—In the instant case, an action on a suspending bond, given under section 6338 of the Code of 1919, the Supreme Court of Appeals will assume that public officers will discharge their duties under the law. The law, section 6480 of the Code of 1919, required the clerk of the court to issue execution on the plaintiff's judgment as soon as practicable and the sergeant of the city (section 6485 of the Code of 1919) to levy on the property of the debtor and sell it for cash. During the time that the bond was in force, the debtor had in its possession personal property within the jurisdiction of the court, free from liens and liable to levy under the execution, ample to satisfy the judgment in full. Defendants introduced testimony of an attorney which tended to show that if the suspending bond had not been given, the debtor would have been thrown into bankruptcy and goods held on consignment would have been withdrawn by their owners. There was no evidence that this witness ever communicated his views to the debtor or the company

owning the goods on consignment with the debtor. Besides, if the goods on consignment had been withdrawn, there still remained goods not on consignment liable to levy, sufficient to satisfy the judgment.

*Held:* That this evidence warranted the jury in finding that but for the suspending bond, plaintiff could have collected his judgment.

4. QUESTIONS OF LAW AND FACT—*Credibility of Witnesses—Weight of Testimony.*—The credibility of witnesses and the weight of their testimony are questions for the jury.

5. APPEAL AND ERROR—*Action on Suspending Bond—Instructions—Bankruptcy Proceedings Against Debtor.*—In an action on a suspending bond, the court instructed the jury that if the suspending bond had not been executed and delivered, plaintiff would have had the right to have execution issued on his judgment and the goods of the debtor sold to satisfy the execution and judgment; provided, however, that the levy and sale of the said property could have been held up at any time if bankruptcy proceedings had been instituted by or against the debtor.

*Held:* No error.

6. APPEAL AND ERROR—*Action on Suspending Bond—Instructions—Garnishment—Bankruptcy.*—In an action on a suspending bond, under section 6338 of the Code of 1919, the court instructed the jury that if the suspending bond had not been executed and delivered, the plaintiff would have had the right to have had execution issued on the judgment and could thereafter have garnisheed funds on deposit at a bank to the credit of the debtor; provided, however, that the garnishment could have been held up at any time if bankruptcy proceedings were instituted by or against the debtor before the judgment was satisfied.

*Held:* No error.

7. APPEAL and ERROR—*Action on Suspending Bond—Instructions—Insolvency of Debtor.*—In an action on a suspending bond, under section 6338 of the Code of 1919, the court instructed the jury that the burden was on the plaintiff to prove that but for the execution of the suspending bond, plaintiff could have collected the amount of his judgment and the fact that the debtor might have been insolvent at the time of the execution of the bond or during the period that the bond was effective, was not sufficient in itself to prevent the plaintiff from obtaining a verdict in the instant case, but was only one of the circumstances to be taken into consideration by the jury in reaching its conclusion as to whether or not plaintiff could have collected from the debtor the amount of its judgment or any part thereof.

*Held:* No error.

8. APPEAL AND ERROR—*Action on Suspending Bond—Jury Instructed to Find for Plaintiff if He was Damaged as Result of the Execution of the Bond.*—In an action upon a suspending bond, under Code of 1919, section 6338, the court instructed the jury that if plaintiff was damaged as a result of the execution and delivery of the suspending bond, they should find for plaintiff and assess such damages as they believed plaintiff had sustained by reason of the suspending bond, not to exceed, however, the amount of the penalty of the bond.

*Held:* No error.

9. APPEAL AND ERROR—*Action on Suspending Bond—Instructions Favorable to Plaintiff in Error—Case at Bar.*—In an action on a suspending bond, under section 6338 of the Code of 1919, the court instructed the jury that the intervention of bankruptcy of the debtor did not of itself create any liability upon the bond and that if they believed from the evidence that the debtor was insolvent at the time the bond was given and so continued until the date of bankruptcy and that the giving of the bond deferred the intervention of bankruptcy until that time, no liability arose under the bond and they must find for defendants.

*Held:* That this instruction was more favorable to defendants, plaintiffs in error, than they were entitled to.

10. APPEAL AND ERROR—*Suspending Bond—Deferring Intervention of Bankruptcy—Case at Bar.*—In the instant case, an action on a suspending bond, under section 6338 of the Code of 1919, it was not true as a matter of law or fact that the mere giving of the suspending bond operated to defer the intervention of bankruptcy. The creditors were not compelled to delay bankruptcy proceedings because of the existence of the bond. There was some evidence to show that the bankruptcy proceeding might have been instituted earlier, if the bond had not been given, but the credibility and weight of this evidence were questions for the jury and they have resolved them in favor of the plaintiff.

Error to a judgment of the Circuit Court of the city of Norfolk in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Thomas W. Shelton, Alfred Anderson,* and *Fred E. Martin,* for the plaintiffs in error.

*Hughes, Vandeventer & Eggleston*, for the defendant in error.

WEST, J., delivered the opinion of the court.

E. L. Myers recovered a judgment against Sprinkle Piano Company, Incorporated, for $3,075.70, with interest and costs. On motion of the defendant, an order was entered suspending the execution of the judgment for sixty days, from May 10, 1924, upon the execution of a suspending bond under section 6338 of the Code, in order to enable the company to apply to the Supreme Court of Appeals of Virginia for a writ of error to the judgment. The bond was executed on May 3, 1924, in the sum of $3,500.00, by C. Albert Jacob, Jr., and United States Fidelity & Guaranty Company, his surety, payable to the Commonwealth of Virginia, and conditioned according to law, to "* * pay all such damages as may accrue to any person by reason of said suspension, in case a supersedeas to said judgment shall not be allowed, and be effectual within the time above specified * *."

On June 27, 1924, this court refused to grant a writ of error and supersedeas to the judgment. On July 3, 1924, an involuntary petition in bankruptcy was filed against Sprinkle Piano Company, Incorporated, in the United States Court for the Eastern District of Virginia, at Norfolk, and on July 22, 1924, the company was adjudged a bankrupt.

In June, 1925, the Commonwealth of Virginia, suing for the benefit of E. L. Myers, brought action by notice of motion for judgment against C. Albert Jacob, Jr., and the United States Fidelity & Guaranty Company on the suspending bond to recover the damages which accrued to E. L. Myers by reason of the sus-

pension of the execution of the judgment. The jury returned a verdict in favor of the plaintiff for $2,669.85, with interest from March 7, 1925, until paid. The judgment which the court entered enforcing that verdict is now before us for review.

The assignments of error involve two contentions:

1. The evidence is insufficient to support the verdict;

2. The court erred in granting instructions for the plaintiff.

(a) The testimony for the plaintiff, if accepted as true, shows the following facts: The April term of the Circuit Court of the city of Norfolk, 1924, ended May 11th and the May term began May 13, 1924. The law, Code, section 6480, required the clerk of the court to issue execution on the judgment "as soon as practicable after the adjournment of the term of the court at which such judgment was rendered and place the same in the hands of the proper officer of such court to be executed."

It was the duty of the sergeant of the city of Norfolk to levy this execution on the personal property of the debtor, liable to levy, and sell the same for cash, after at least ten days' notice. Code, section 6485. Burks' Pl. & Pr., section 337.

The store owned by Sprinkle Piano Company, Incorporated, in Norfolk, carried in stock merchandise of the actual value of $50,000.00 from April 15, 1924, to July 3, 1924. The store of Sprinkle Piano Company, Incorporated, located at Richmond, Virginia, had in stock during the same period, merchandise of the value of about $30,000.00. Sprinkle Piano Company, Incorporated, had to its credit with Virginia National Bank of Norfolk, Virginia, during the period the

execution was suspended a balance of from $325.00 to more than $5,000.00.

The judgment in favor of the plaintiff was reported as a debt against Sprinkle Piano Company, Incorporated, in the bankrupt court, and the plaintiff received from the clerk of the United States court a check for $599.57, as a dividend thereon, leaving a balance due the plaintiff of $2,669.85, with interest from March 7, 1925, the same being the amount awarded by the jury.

Defendants introduced the testimony of Bertram L. Marks, a New York attorney, which, if believed, tended to show that Sprinkle Piano Company, Incorporated, was and had been insolvent since December 31, 1923, and might have been thrown into bankruptcy prior to May 10, 1924; that if the suspending bond had not been given, the company would have been thrown into bankruptcy before the date of the suspension of the execution of the judgment; that if the suspending bond had not been given, the goods held by Sprinkle Piano Company, Incorporated, on consignment from Jacob Brothers Company, of New York, would have been withdrawn from the Norfolk and Richmond stores before the judgment became final.

Mr. Marks was not an official of the Sprinkle Piano Company, Incorporated, or of Jacob Brothers Company, but simply their legal advisor. None of the officers of Sprinkle Piano Company, Incorporated, or of Jacob Brothers Company, testified that the goods on consignment with the Sprinkle Company would have been withdrawn by Jacob Brothers Company before the judgment against the Sprinkle Piano Company became final, if the bond had not been given. There is no evidence that Mr. Marks ever communicated

his views to the officers of these two companies, or that Jacob Brothers Company would have followed his advice to withdraw the goods on consignment if it had been given. Besides, if all consigned goods had been withdrawn from the Norfolk store, there would have still remained of the goods not on consignment $12,000.00 worth, liable to the levy.

[1, 2] The purpose of the statute in requiring a suspending bond is to protect the plaintiff against any loss or damage he may sustain by reason of the suspension of his right to proceed with the collection of his judgment against the defendant. In an action on the suspending bond, the burden is on the plaintiff to prove, by a preponderance of the evidence, that but for the bond he could have collected his judgment. *Budowitz* v. *Commonwealth*, 136 Va. 234, 118 S. E. 238.

[3, 4] This court will assume that public officials will discharge their duties under the law. The law required the clerk of the court to issue the execution on the judgment and the sergeant of the city to levy it on the property of the defendant and sell it for cash. During the time the bond was in force, defendant had in its possession personal property, within the jurisdiction of the court, free from liens, and liable to levy under the execution, ample to satisfy the judgment in full.

The credibility of the witnesses and the weight of the testimony were questions for the jury, and there is ample evidence to support their verdict.

(b) The court gave the following instructions for the plaintiff and defendant, respectively:

For the plaintiff.

[5] No. 1. "The court instructs the jury that if the suspending bond had not been executed and

delivered on behalf of Sprinkle Piano Company, Incorporated, E. L. Myers had the right to have an execution issued on or after May 12, 1924, on the judgment obtained by him against Sprinkle Piano Company, Incorporated, and had the right to have the execution levied on or after that day on any stock of goods belonging to Sprinkle Piano Company, Incorporated, in the city of Norfolk, and had the right to have the said goods sold to satisfy said execution and judgment before July 1, 1924; provided, however, that the levy and sale of the said property could have been held up at any time if bankruptcy proceedings had been instituted by or against the Sprinkle Piano Company, Incorporated."

[6] No. 2.   "The court instructs the jury that if the suspending bond had not been executed and delivered on behalf of Sprinkle Piano Company, Incorporated, E. L. Myers had the right to have an execution issued on or after May 12, 1924, on the judgment obtained by him against Sprinkle Piano Company, Incorporated, and could thereafter have garnisheed the funds on deposit at the Virginia National Bank of Norfolk to the credit of the said Sprinkle Piano Company, Incorporated, in satisfaction of the said judgment, in whole or in part; provided, however, that said garnishment could have been held up at any time if bankruptcy proceedings had been instituted by or against Sprinkle Piano Company, Incorporated, before said judgment, or any part thereof, was satisfied."

[7] No. 3.   "The court instructs the jury that the burden is on the plaintiff to prove by a fair preponderance of the evidence that but for the execution of the suspending bond in evidence in this case, E. L. Myers could have collected from the Sprinkle Piano Company, Incorporated, the amount of his judgment,

or any part thereof, against it, the said Sprinkle Piano Company, Incorporated. The fact that the said Sprinkle Piano Company, Incorporated, may have been insolvent and unable to pay all of its debts at the time of the execution of the said suspension bond, or during the period that the said bond was effective, is not sufficient in itself to prevent the plaintiff from obtaining a verdict in this case, but is only one of the circumstances to be taken into consideration by the jury in reaching its conclusion as to whether or not the said E. L. Myers could have collected from the said Sprinkle Piano Company, Incorporated, the said judgment, or any part thereof. The court further instructs the jury that although they may believe from the evidence that the said Sprinkle Piano Company, Incorporated, was insolvent and unable to pay all of its debts when the said bond was given, and during the period when it was in force, yet if they believe that the plaintiff has proven by a fair preponderance of the evidence that notwithstanding this insolvency of the said Sprinkle Piano Company, the said E. L. Myers could have collected his judgment, or any part thereof, from the said Sprinkle Piano Company, Incorporated, by levying an execution on and selling the property of the said judgment debtor, or by garnisheeing its bank account, or both, had the said suspension bond not been given, then they must find for the plaintiff and assess the damages at such an amount as they believe has been suffered by the said E. L. Myers, by reason of his being prevented from collecting said judgment, not in excess, however, of the principal amount of the said bond of $3,500.00.''

[8] No. 4. ''The court instructs the jury that if they believe from the evidence that E. L. Myers was damaged as a result of the execution and delivery of

the suspending bond introduced in evidence, they should find for the plaintiff and assess such damages as they believe from the evidence the said E. L. Myers has sustained by reason of said suspension, not to exceed, however, the sum of $3,500.00, the amount of the penalty of the said bond."

For the defendants:

No. 1. "The court instructs the jury that the question for you to determine in this case is whether or not the said E. L. Myers could have collected the money claimed to be due on the judgment in question if the suspension bond had not been given. And in this connection the court further instructs you that the burden is upon the plaintiff, not simply to suggest the possibility that but for the giving of the suspension bond collection could have been made, but to show by a fair preponderance of the evidence that the collection could have been made."

No. 2. "The court instructs the jury that the evidence in this case shows that all the assets and properties owned by Sprinkle Piano Company, Incorporated, on May 10th and up to and including July 3, 1924, were accounted for and turned into the bankrupt court for distribution among the creditors of Sprinkle Piano Company, Incorporated; that the said E. L. Myers was a party to the bankruptcy proceedings and received his pro rata share of the distribution made."

[9] No. 3. "The court instructs the jury that the intervention of bankruptcy of Sprinkle Piano Company, Incorporated, did not of itself create any liability under the bond in question; that if you believe from the evidence (1) that the Sprinkle Piano Company, Incorporated, was insolvent on May 10, 1924, and so continued until July 3, 1924, the date of bankruptcy;

and (2) that the giving of said bond deferred the intervention of bankruptcy until July 3, 1924, no liability has arisen under said bond and you must find for the defendants."

We think these instructions presented the law applicable to the plaintiff's and defendants' theories of the case, respectively, fairly to the jury and find no reversible error in them. Instruction No. 3 offered by the defendants was more favorable to them than they were entitled to have it.

[10] It is not true as a matter of law or fact that the mere giving of the suspending bond operated to defer the intervention of bankruptcy. The creditors were not compelled to delay bankruptcy proceedings because of the existence of the bond. There is some evidence to show that the bankruptcy proceeding might have been instituted earlier, if the bond had not been given, but the credibility and weight of this evidence were questions for the jury and they have resolved them in favor of the plaintiff.

Viewing the record as a whole, we feel that the case has been fairly tried before an impartial jury, and that the ends of justice have been attained.

The judgment will be affirmed.

*Affirmed.*