COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Benton, Willis, Elder,
          Bray, Annunziata, Bumgardner, Frank, Humphreys and
          Clements
Argued at Richmond, Virginia


MICHAEL A. MAHONEY, SR.
                                        OPINION BY
v.  Record No. 2949-98-4        JUDGE ROSEMARIE ANNUNZIATA
                                       DECEMBER 5, 2000
JEANNE M. MAHONEY


                UPON A REHEARING EN BANC

        FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
              Benjamin N. A. Kendrick, Judge

        John M. DiJoseph (Kavrukov & DiJoseph, on
        brief), for appellant.

        John R. Angus (Weiner, Weiner & Weiner,
        P.C., on briefs), for appellee.

        Amicus Curiae: Commonwealth of Virginia,
        Department of Social Services, Division of
        Child Support Enforcement (Mark L. Earley,
        Attorney General; Ashley L. Taylor, Deputy
        Attorney General; Robert B. Cousins, Jr.,
        Senior Assistant Attorney General; Craig M.
        Burshem, Regional Special Counsel; Jason P.
        Cooley, Special Counsel; Jack A. Maxwell,
        Special Counsel; Gary Webb, Special Counsel;
        William K. Wetzonis, Special Counsel, on
        brief), for appellee.


     On April 4, 2000, a divided panel of this Court reversed

and remanded the trial court's dismissal of Michael A. Mahoney's

appeal from a judgment of the juvenile and domestic relations

district court.  We granted appellee's petition for a rehearing

en banc and stayed the mandate of that decision.  Upon rehearing

en banc, we hold the trial court did not err in its ruling that upon failure to post an appeal bond fixed under Code § 16.1-296(H), appellant's appeal must be dismissed. Therefore, we affirm the decision of the trial court.

## ANALYSIS

Guided by well-settled principles, we review the evidence on appeal in the light most favorable to the party prevailing below. On August 28, 1998, the Arlington Juvenile and Domestic Relations District Court (J&DR) found appellant, Michael Mahoney (father), in civil contempt of court on Jeanne Mahoney's Rule to Show Cause which was issued against the father for failing to comply with court-ordered support, both child and spousal, as well as medical bills and attorney's fees. The court entered judgment against father in the amount of $151,902.52, the amount in arrears due to mother. On appeal to the circuit court, father characterized the appeal as one challenging the "jurisdiction of the Court [to] enter any orders and the validity of all orders entered in this case based on fraud." He specifically noted his intention not to appeal the amounts of support found due and owing. Bond was fixed at $165,888.62 by the juvenile court. When no bond was posted, the circuit court dismissed father's appeal upon mother's motion. The court's order of dismissal was appealed to this Court. We affirm the circuit court's decision on the grounds that follow.

Code § 16.1-296(H) provides, in pertinent part:

> No appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court except for that portion of any order or judgment establishing a support arrearage or suspending payment of support during pendency of an appeal. <u>In cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered</u>. Upon appeal from a conviction for failure to support or from a finding of civil or criminal contempt involving a failure to support, the juvenile and domestic relations district court may require the party applying for the appeal or someone for him to give bond . . . . An appeal will not be perfected unless such appeal bond as may be required is filed within thirty days from the entry of the final judgment or order.

(Emphasis added). Mahoney contends the circuit court erroneously dismissed his appeal de novo because he limited his appeal to a challenge of the court's jurisdiction. He reasons that, having specifically excluded from his notice of appeal the juvenile court's establishment of a support arrearage and its finding of contempt, he was not required to post an appeal bond under Code § 16.1-296(H). We disagree.

Mahoney's challenge to the validity of "all orders entered" by the juvenile court, and to the authority of the court to enter any such orders, necessarily and logically implicates a challenge

- 3 -

to the subject of the orders entered by the juvenile court. In this case, the order Mahoney appealed from the juvenile court to the circuit court established a support arrearage he owed to his former wife. Thus, Mahoney's appeal from the juvenile court's order was necessarily subject to the jurisdictional requirement of Code § 16.1-296(H), which requires an appeal bond "for that portion of any order establishing a support arrearage."

In addition, not only is the substantive issue of support arrearages logically related to, and inherent in, Mahoney's challenge to the jurisdiction of the court and the claimed invalidity of "all orders entered," but the law governing appeals from courts not of record also provides a well established legal foundation for the imposition of bond. An appeal from a court not of record is tried de novo. See Code §§ 16.1-106, 16.1-113; Copperthite Pie Corp. v. Whitehurst, 157 Va. 480, 488, 162 S.E. 189, 191 (1932) (citing Southern Ry. Co. v. Hill, 106 Va. 501, 505, 56 S.E. 278, 280 (1907)); see also Hailey v. Dorsey, 580 F.2d 112, 114 (4th Cir. 1978), cert. denied, 440 U.S. 937 (1979). Such an appeal transfers the entire record to the circuit court for retrial as though the case had been originally brought there. See Addison v. Salyer, 185 Va. 644, 650, 40 S.E.2d 260, 263 (1946). Upon transfer, the order and judgment of the lower court are annulled. See Ragan v. Woodcroft Village Apts., 255 Va. 322, 327, 497 S.E.2d 740,

- 4 -

742 (1998) (citing <u>Nationwide Mut. Ins. Co. v. Tuttle</u>, 208 Va. 28, 32, 155 S.E.2d 358, 361 (1967)).

It follows that because no case or judgment exists in the lower court, and because the circuit court upon appeal acts as the tribunal of original jurisdiction, it must address and dispose of all issues raised by the petitioner in the lower court.  <u>See</u> <u>Addison</u>, 185 Va. at 649, 40 S.E.2d at 263 ("'A court which hears a case <u>de</u> <u>novo</u> . . . acts not as a court of appeals but as one exercising original jurisdiction.'" (quoting <u>Gemmell, Inc. v. Svea</u> <u>Fire Ins. Co.</u>, 166 Va. 95, 98, 184 S.E. 457, 458 (1936))). Specifically, the circuit court must decide both the issue of jurisdiction and the issue of arrearages, because no judgment on arrearages exists once the matter is appealed from the lower tribunal.[1]

---

[1] For example, if jurisdiction is found to exist on appeal, the circuit court must determine arrearages.  It is reversible error to permit the judgment of the lower court to be introduced as evidence in the case and no other judgment on the issues is extant, because that of the lower court is annulled.  <u>See</u> <u>Gravely v. Deeds</u>, 185 Va. 662, 664, 40 S.E.2d 175, 176 (1946); <u>see also</u> <u>Nationwide</u>, 208 Va. at 33, 155 S.E.2d at 361-62. Conversely, if the circuit court finds no jurisdiction exists, the case must be dismissed and no arrearages established. Moreover, that the party bringing the appeal prevails in the trial <u>de</u> <u>novo</u> is insufficient to avoid the dictate of Code § 16.1-296(H) that "no appeal shall be allowed unless and until a bond is given by the party applying for the appeal." <u>Commonwealth ex rel. May v. Walker</u>, 253 Va. 319, 322, 485 S.E.2d 134, 136 (1997).  In fact, the circuit court does not even have jurisdiction to hear the case unless the appeal bond is posted. <u>See</u> <u>id.</u> at 323, 485 S.E.2d at 136 ("[T]he failure to post an appeal bond . . . is a fatal jurisdictional defect . . . .").

The policy underlying the requirement of appeal bonds is clear. An appeal bond provides assurances that any judgment that may be rendered on appeal, if perfected, will be satisfied. See Code § 16.1-107; Hutchins v. Carillo, 27 Va. App. 595, 606, 500 S.E.2d 277, 282 (1998) (noting that "the essential function of an appeal bond [is] 'to protect the [appellee] against any loss or damage he may sustain by reason of the suspension of his right to proceed with the collection of his judgment against the [appellant]'" (quoting Jacob v. Commonwealth ex rel. Myers, 148 Va. 236, 242, 138 S.E. 574, 576 (1927))). Such bonds also provide assurances in cases in which an appeal is not perfected that the judgment of the court in which it was rendered will be satisfied. See id. Indeed, the policy considerations underlying the need for bond upon appeal from the lower court are so material to the statutory scheme reflected in Code § 16.1-296(H) that the failure to post the required bond will constitute reversible error even when the appellant prevails in the trial de novo. See Commonwealth ex rel. May v. Walker, 253 Va. 319, 323, 485 S.E.2d 134, 136-37 (1997).

In summary, we hold that the JD&R order from which appellant appealed addressed only one subject, viz., that of support arrearages.[2] As such, Mahoney's failure to post bond under Code

---

[2] We do not address in this opinion the applicability of Code § 16.1-296(H) to an order which addresses multiple, independent issues unrelated to the issue of support.

§ 16.1-296(H) was fatal to his appeal.  We accordingly affirm the decision of the trial court to dismiss his appeal.

<u>Affirmed.</u>

Benton, J., dissenting.

In pertinent part, Code § 16.1-296(H) provides as follows:

> No appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court except for that portion of any order or judgment establishing a support arrearage or suspending payment of support during pendency of an appeal.  In cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered.  Upon appeal from a conviction for failure to support or from a finding of civil or criminal contempt involving a failure to support, the juvenile and domestic relations district court may require the party applying for the appeal or someone for him to give bond, with or without surety, to insure his appearance and may also require bond in an amount and with sufficient surety to secure the payment of prospective support accruing during the pendency of the appeal. An appeal will not be perfected unless such appeal bond as may be required is filed within thirty days from the entry of the final judgment or order.

Although the statute clearly states that "[i]n cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond," in equally clear language the statute begins by stating that "[n]o appeal bond shall be required . . . except for that portion of any order or

- 8 -

judgment . . . establishing a support arrearage." Id. (emphasis added).

> By its explicit terms, the statute removes the requirement for posting a bond except as provided in the statute. The provision specifying that a bond shall be required for an appeal of a judgment establishing support arrearages implicitly recognizes that an order that sets arrearages may have a component that does not establish a support arrearage. In such a case, an appeal bond is required only for "that portion of any order . . . establishing a support arrearage."

Avery v. Commonwealth, 22 Va. App. 698, 700, 472 S.E.2d 675, 676 (1996) (citation omitted). I would hold that Michael A. Mahoney's appeal of the "jurisdiction of the Court [to] enter any order" is not an appeal of a "portion of any order or judgment establishing a support arrearage."

When Mahoney appealed the judgment to the circuit court, he wrote on the notice of appeal that he "appeals jurisdiction of the Court [to] enter any orders and the validity of all orders entered in this case based on fraud" and that "[h]e is not appealing amounts of support." (Additional emphasis added). Consistent with his notation on the notice of appeal, Mahoney informed the trial judge during the hearing that he was "not appeal[ing] the amount of support" but was "appeal[ing] . . . the lack of subject matter jurisdiction by the [juvenile and domestic relations district] court." Specifically, Mahoney alleged that the juvenile court never acquired jurisdiction

under the Uniform Child Custody Jurisdiction Act or the Uniform Interstate Family Support Act. Ruling that a party "can't piecemeal the appeal," the trial judge apparently recognized that Mahoney's challenge was not to any portion of the judgment but to the power of the court to render any judgment. Nevertheless, the trial judge granted the motion to dismiss.

In my opinion, Mahoney's appeal is not subject to the appeal bond requirement because it is not an appeal from "that portion of any order or judgment establishing a support arrearage." Code § 16.1-296(H). A judgment entered by a court when it lacks subject matter jurisdiction is void, and that judgment is subject to a challenge at any time. Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 755-56 (1990). In addition, a party may challenge a judgment on the basis of a court's failure to abide by mandatory statutory requirements. In this regard, the Supreme Court has held that "[a] court's authority to exercise its subject matter jurisdiction over a case may be restricted by a failure to comply with statutory requirements that are mandatory in nature and, thus, are prerequisite to a court's lawful exercise of that jurisdiction." Dennis Moore v. Commonwealth, 259 Va. 405, 409, 527 S.E.2d 415, 417 (2000). Such a failure renders the court without jurisdiction to act and renders the judgment void. See David Moore v. Commonwealth, 259 Va. 431, 439, 527 S.E.2d 406, 410

(2000). Mahoney's appeal directly challenges the juvenile court's power to render its judgment.

The Supreme Court has ruled as follows:

> "[T]he record is never conclusive as to the recital of a jurisdictional fact, and the defendant is always at liberty to show a want of jurisdiction, although the record avers the contrary. If the court had no jurisdiction, it had no power to make a record, and the supposed record is not in truth a record."

Slaughter v. Commonwealth, 222 Va. 787, 793, 284 S.E.2d 824, 827 (1981) (citation omitted). "[A]ny subsequent proceeding based on . . . a [jurisdictionally] defective judgment is void or a nullity." Morrison, 239 Va. at 170, 387 S.E.2d at 756.

We have addressed situations in which parties in support disputes sought to challenge contempt rulings against them and did not want to post the bond required by statute. In McCall v. Commonwealth, 20 Va. App. 348, 457 S.E.2d 389 (1995), we held that, under the pre-1992 version of Code § 16.1-107, a court has no duty to bifurcate support arrearage judgments from other issues to determine whether a party must post a bond. Id. at 349, 457 S.E.2d at 390. We noted that when McCall appealed from a juvenile court judgment, he "did not specify or indicate in any way that he was appealing only the civil contempt citation and not the determination as to the amount of his support arrearage." Id. at 350, 457 S.E.2d at 391. We also noted that McCall initially asserted the limited nature of his appeal only

- 11 -

in this Court.  See id. at 350, 457 S.E.2d at 390.  Thus, we affirmed the ruling dismissing McCall's appeal because he did not bifurcate the issues.  In Avery, however, we reversed an order dismissing an appeal on similar grounds because the party showed clearly that he "sought only to appeal the contempt finding."  22 Va. App. at 702, 472 S.E.2d at 677.

I believe we should treat challenges to jurisdiction in the same way we treat appeals from contempt orders.  In this case, as in Avery, the appellant, Mahoney, has "sufficiently 'inform[ed] the court that he was pursuing an appeal of the [court's jurisdiction] and not appealing the determination of the support arrearage.'"  Id. (quoting McCall, 20 Va. App. at 352-53, 457 S.E.2d at 392).  Mahoney separately listed in his notice of appeal to the circuit court the matters he wished to appeal and he orally stated at the circuit court hearing the limited nature of his appeal.  He did not challenge the support arrearage judgment.

For these reasons, I would reverse and remand this matter to the circuit court for consideration solely on the issue whether the juvenile court acquired jurisdiction to adjudicate the matter.