COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


DAVID J. HOWELL
                                  MEMORANDUM OPINION[*] BY
v.    Record No. 0123-01-2        JUDGE LARRY G. ELDER
                                     NOVEMBER 6, 2001
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. LINDA FISHER


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      Gary A. Hicks, Judge

           David J. Howell, pro se.

           Nicholas S. Murphy, Special Counsel (Mark L.
           Earley, Attorney General; Ashley L.
           Taylor, Jr., Deputy Attorney General;
           Robert B. Cousins, Jr., Senior Assistant
           Attorney General; Craig M. Burshem, Regional
           Special Counsel, on brief), for appellee.


     David J. Howell (appellant) appeals from an order

dismissing his de novo appeal in a proceeding arising from the

efforts of the Commonwealth's Department of Social Services,

Division of Child Support Enforcement (DCSE), to collect child

support owed for the minor child of appellant and Linda Fisher.

On appeal, appellant contends the court lacked jurisdiction over

DCSE's motion for issuance of a show cause summons, due in part

to the pendency of an appeal of the June 5, 2000 dismissal of a

---

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

previous show cause summons.  He also contends various other prior orders of the district and circuit courts barred the present show cause proceedings on grounds of res judicata, collateral estoppel, due process, equal protection and double jeopardy.  We hold that appellant failed to present a sufficient record from which we may determine whether he preserved any of these claimed errors for appeal.[1]  Thus, we consider only the non-waivable contention that the lower courts lacked jurisdiction over the subject matter.  We conclude, from the face of the record, that the district court had subject matter jurisdiction to award child support and to punish appellant's failure to pay support pursuant to that award and that the circuit court had jurisdiction to entertain the appeal of that determination.  Thus, we affirm.

A.

SUFFICIENCY OF RECORD FOR APPELLATE REVIEW

Rule 5A:8 provides that "[t]he transcript of any proceeding is part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment."  A party may submit a written statement of facts in lieu of a transcript, but only when the statement of facts has been presented to and signed by the trial judge and filed by the

_____

[1] A defendant who elects to proceed without counsel is no less bound by rules of procedure and substantive law than a defendant who has counsel.  Church v. Commonwealth, 230 Va. 208, 213, 335 S.E.2d 823, 826 (1985).

-

clerk of the trial court is it properly a part of the record for purposes of appeal. Rule 5A:8(c).

> If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to. This Court has no authority to make exceptions to the filing requirements set out in the Rules.

Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986); see Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 77 (1992) (statements of facts).

Even taking as true appellant's representation that the circuit court clerk refused to accept his proposed statement of facts for the January 8, 2001 proceeding and that she did so without justification,[2] it remained appellant's responsibility to ask this Court to issue a writ of mandamus to ensure the statement was filed. See Richlands Med. Ass'n v. Commonwealth

---

[2] Accepting as true appellant's allegation that the clerk refused to file in this matter the transcripts of the district and circuit court proceedings of November 14, 2000, the record provides no indication that refusal was erroneous. Because the January 8, 2001 circuit court proceeding was a de novo appeal, the transcript of the previous district court proceeding on November 14, 2000 was inadmissible. See Mahoney v. Mahoney, 34 Va. App. 63, 67 n.1, 537 S.E.2d 626, 628 n.1 (2000) (en banc). The November 14, 2000 circuit court proceeding on a writ of prohibition was assigned a different circuit court docket number and was the subject of a separate appeal to this Court, assigned Record No. 2846-00-2, which was transferred to the Virginia Supreme Court by order of February 20, 2001. Thus, the only transcript appellant could have made a part of the record in this proceeding pursuant to Rule 5A:8 was a transcript of the January 8, 2001 circuit court hearing if such a transcript had been made.

-

ex rel. State Health Comm'r, 230 Va. 384, 386, 337 S.E.2d 737, 739 (1985); see also Code § 17.1-404. The burden is on the appellant to prove both the claimed error and the preservation of that error for appeal. See Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992); Lee v. Lee, 12 Va. App. 512, 516-17, 404 S.E.2d 736, 738-39 (1991) (en banc). Here, because no transcript or statement of facts was properly made part of the record for purposes of appeal, we are unable to determine whether appellant voiced any objections at the January 8, 2001 hearing, and appellant's endorsement of the dismissal order as "SEEN AND OBJECTED TO:" was insufficient to preserve his objections for appeal. Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993). Appellant's filing of his objections simultaneously with his notice of appeal was insufficient to preserve the claimed errors for review by this Court because the filing of the notice of appeal divested the trial court of jurisdiction to consider the alleged errors. See, e.g., Walton v. Commonwealth, 256 Va. 85, 95, 501 S.E.2d 134, 140 (1998).

Nor does the ends of justice exception to Rule 5A:18 require us to consider the arguments appellant raises on appeal. See Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989). Here, in regard to appellant's assignments of error 2, 4, 6, 7 and 8, the record is not sufficiently complete to establish an error that was "clear, substantial and material"

-

as required by Brown because the record contains no order indicating a previous stay or suspension of appellant's child support obligation.[3]  The record also fails to establish that appellant presented to the trial court his claim that DCSE "unlawfully" credited his support and purge payments or that the court's rulings violated principles of res judicata, double jeopardy, due process and equal protection or that the ends of justice exception applies to excuse this failure to preserve the claimed errors for appeal.  Finally, the ends of justice exception does not require us to review the merits of the trial court's ruling dismissing appellant's present appeal based on his failure to post a sufficient bond.  An appellant may not bifurcate a contempt determination from the related arrearage determination for purposes of appeal.  See Mahoney v. Mahoney, 34 Va. App. 63, 66-67, 537 S.E.2d 626, 628 (2000) (en banc).

B.

SUBJECT MATTER JURISDICTION

Although a judgment rendered by a court lacking subject matter jurisdiction is void from its inception, see, e.g., Rook

_____

[3] Although copies of one or more of the orders appellant references may be contained in appellant's appendix, they were not offered into evidence in the trial court.  "We are not able to peer surreptitiously [at documents that are] not part of the record to satisfy our curiosity.  To do so defies the uniform application of our rules."  Twardy, 14 Va. App. at 658, 419 S.E.2d at 852.
We also note that appellant's assignments of error refer to a writ of prohibition.  That petition is not a part of these proceedings.  See supra note 2.

-

v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987),[4] a party asserting a lack of subject matter jurisdiction must provide a proper evidentiary record to support his claim, cf. Friedman v. State, 249 N.E.2d 369, 374 (N.Y. 1969); 4 C.J.S. Appeal and Error § 38, at 111-12 (1993).

While an appeal of a child support order is pending, the lower court may not modify but may enforce the existing order, Decker v. Decker, 17 Va. App. 562, 564, 440 S.E.2d 411, 412 (1994); see Code § 20-68, unless execution of the award has been suspended and an appropriate appeal bond filed, Code § 8.01-676.1(C), (D). Here, the record contains no indication the support award requiring appellant to pay $75 per week was suspended during any of these proceedings. Thus, the record fails to establish, in the manner alleged by appellant, that the district court lacked jurisdiction over the show cause proceedings initiated by DCSE on August 29, 2000, from which the instant appeal arises. The record is valid on its face in that the district court had subject matter jurisdiction under Chapter 11 of Title 16.1, which provided it with original jurisdiction to award child support and to punish the failure of one ordered to provide such support to comply with that obligation. See, e.g., Code §§ 16.1-241, 16.1-278.16. Similarly, the circuit

---

[4] To the extent appellant's assignments of error may be construed as a challenge to personal jurisdiction, such a challenge is barred. See, e.g., Gilpin v. Joyce, 257 Va. 579, 581-82, 515 S.E.2d 124, 125 (1999).

-

court had subject matter jurisdiction on appeal which derived from the district court's jurisdiction.  See Code § 16.1-296. To the extent any of the orders entered in the present or any previous proceeding may have contained errors, those errors, if any, rendered the orders voidable only and did not deprive this Court or the circuit or district courts of subject matter jurisdiction.  See Robertson v. Commonwealth, 181 Va. 520, 536-37, 25 S.E.2d 352, 359 (1943).

For these reasons, we affirm the circuit court's order of January 8, 2001 dismissing appellant's appeal.

Affirmed.

-