# CIRCUIT COURT OF THE CITY OF ROANOKE

Division of
Child Support Enforcement

v.

Deborah Overstreet

March 18, 2002

Case No. CH01000850-00

BY JUDGE ROBERT P. DOHERTY, JR.

Defendant was ordered by the Juvenile and Domestic Relations District Court (J & D Court) to pay child support. As of February 28, 2002, she was $6,165.95 in arrears. On May 21, 2001, the J & D Court ordered Defendant to make specific weekly payments on her current and arrears child support obligations. On September 21, 2001, Defendant appeared before the J & D Court on a summons that required her to show cause why she should not be held in civil contempt for her failure to comply with the May 21, 2001, child support order. Defendant was held in contempt and sentenced to ten days in jail because she did not make timely support payments. The Defendant noted an appeal, and the J & D Court fixed a $1,000.00 appeal bond with surety, which the Defendant posted. The Division of Child Support Enforcement (DCSE) now objects to the *de novo* hearing in the circuit court claiming that Defendant has not perfected her appeal because she failed to post a sufficient bond pursuant to § 16.1-296(H), Code of Virginia (1950), as amended, to guarantee the payment of her support arrearage if she does not prevail on appeal. Defendant claims that she is appealing a criminal contempt case as a matter of right and that the bond was only necessary to release her from jail pending her *de novo* hearing. In the alternative, Defendant argues that she is not appealing the amount of her support arrears but only the contempt finding. Therefore, she reasons, the performance bond provisions of § 16.1-296(H) do not apply. The Court finds that the Defendant has properly perfected her appeal.

## Criminal Contempt

Criminal contempt of court and civil contempt of court arise out of two entirely different concepts. Criminal contempt is intended to punish a person for failure to comply with a court order or lawful process, disruption of court proceedings, violence towards officials and persons involved in trials, and other like matters as set forth in § 18.2-456, Code of Virginia (1950), as amended. It is designed to "preserve the power and vindicate the dignity of the court. . . ." *United Steel Workers v. Newport News Shipbuilding and Dry Dock Co.*, 220 Va. 547, 549 (1979). The sanctions imposed for criminal contempt are punitive, and proof beyond a reasonable doubt is required to convict. The sentence imposed in a case of criminal contempt is one that is determinant and unconditional and for which the defendant is not given opportunity to purge himself of the contempt.

## Civil Contempt

Civil contempt on the other hand, is intended to force a recalcitrant litigant to comply with a court order. It is designed "to preserve and enforce the rights of private parties. . . ." *Id.* at 550. The sanctions imposed for civil contempt are *not* meant to punish the defendant. They are instead intended to coerce the defendant into doing what the court has previously ordered. If there is compliance with the court order after the imposition of a civil contempt sanction, then the court's purpose has been accomplished and the sanction is lifted. When that occurs, the defendant is said to have purged himself of contempt. That ability to purge himself of contempt is unique to civil contempt cases and is not available in criminal contempt cases. If the sanction imposed does not allow the defendant to purge himself of the contempt, then the punishment is considered to be criminal in nature and the rules regarding criminal cases apply.

In this case, the Court finds that the Defendant was sentenced to a fixed and determinant time to serve in jail without the ability to purge herself of the contempt. It is, therefore, a criminal sanction, and the rules regarding criminal cases apply. The $1,000.00 bond set by the J & D Court and posted by the Defendant was a bond to release her from jail pending the appeal of right of her criminal case. No performance bond was required to perfect the criminal appeal under § 16.1-296(H).

*Performance Bonds*

The arguments of counsel concerning the performance bond in a civil case hinge on their different interpretations of the holding in *Mahoney v. Mahoney*, 34 Va. App. 63 (2000). That case has been clarified by the decisions in two unpublished cases, *Howell v. Commonwealth*, 2001 Va. App. LEXIS 608 (2001), and *Bostwick v. Woods*, Record Nos. 2203-01-4, 2204-01-4, and 2205-01-4, Virginia Court of Appeals, decided January 29, 2002. The rule of *Mahoney*, as explained in *Howell* and *Bostwick*, is that in an appealed civil contempt case involving failure to pay child support, a performance bond sufficient to satisfy the support arrearage judgment must be posted if the order being appealed contained a judgment for support arrearage. This is because an appeal vacates the arrears support judgment of the J & D court, and any *de novo* appeal necessarily requires the circuit court to determine whether a support arrears exists and to fix a judgment accordingly. The circuit court "must address and dispose of all issues raised by the petitioner in the lower court." *Bostwick*, at its fifth page. It thus follows that "[a]n appellant may not bifurcate a contempt determination from the related arrearage determination for purposes of an appeal." *Howell*, at its fourth page.

In the instant case, the Defendant's finding of contempt in the J & D Court did not contain or necessitate a support arrearage judgment, and thus no performance bond was required. The contempt finding in the lower court only determined that the Defendant failed to comply with the court's order to pay a regular and fixed weekly support amount.