COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Elder and Bumgardner
Argued at Richmond, Virginia


STEVEN E. HALL

                                              MEMORANDUM OPINION* BY
v.      Record No. 0432-04-2          CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                    OCTOBER 12, 2004
DEBORAH D. HALL


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

Renay M. Fariss for appellant.

No brief or argument for appellee.


Steven E. Hall (husband) appeals the trial court's dismissal of his appeal from an order of

the Juvenile and Domestic Relations District Court of Chesterfield County (the juvenile court)

finding him in contempt and establishing an arrearage amount of $50,000. The trial court found that

he had not perfected his appeal because he failed to post a $50,000 appeal bond pursuant to Code

§ 16.1-296(H). Husband contends that he appealed only the contempt finding and thus he was not

required to post the entire bond. We hold that Code § 16.1-296 requires an appeal bond under the

facts of this case, and affirm.

I.  BACKGROUND

"On appeal, we construe the evidence in the light most favorable to [wife], the prevailing

party below, granting to [her] evidence all reasonable inferences fairly deducible therefrom."

Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995) (citing McGuire v.

McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990)).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On April 30, 2001 the juvenile court held a hearing on several contested issues, including husband's rule to show cause against wife regarding visitation, his request to decrease child support and eliminate spousal support, and wife's rule to show cause against husband for non-payment of support. Both of husband's motions were denied, and he was found in contempt for failing to pay his support with the arrearage set at $50,000. The "record of proceedings" indicates that a $50,000 bond was set as the arrearage amount and an additional $5,000 appearance bond. Husband posted the $5,000 bond and was released from jail to return to Texas.

On appeal the trial court determined that no final order had been entered and on November 28, 2001, remanded the case to the juvenile court for the entry of an order consistent with its ruling. On April 10, 2003 the juvenile court issued an order, *nunc pro tunc* to April 30, 2001, finding husband in contempt, and again set a $50,000 bond for "any appeal of the arrearage amount" and a $5,000 appearance bond. On April 18, 2003, husband again appealed the civil support proceedings and the finding of contempt but posted only the $5,000 bond.

Wife then filed a motion to dismiss husband's appeal. Citing Mahoney v. Mahoney, 34 Va. App. 63, 537 S.E.2d 626 (2000) (*en banc*), wife argued that husband's appeal should be dismissed for his failure to file the $50,000 appeal bond required by Code § 16.1-296:

> Since the appeal from the Juvenile Court to the Circuit Court is an appeal *de novo*, Mr. Hall cannot choose to bifurcate his appeal by appealing the Show Cause and other portions of the Order but not that part of the Order establishing a support arrearage. In fact, the Notices of Appeal filed by Mr. Hall in no way exclude from his appeal the arrearage determination. They are general notices of appeal with no limiting language whatsoever.

After a hearing on the matter, the trial court found that:

> The Court at this time finds that the appeals in this matter, although noted, were not properly perfected. And in accordance with Mahoney and Walker [sic], on which this court relies in rendering this decision, the Court finds it has no jurisdiction and accordingly must dismiss the appeals.

The trial court issued an order dismissing the appeal on January 20, 2004. Husband appeals from this order.

## II. ANALYSIS

On appeal, husband argues the trial court erred in dismissing his appeal because he intended to appeal only the finding of contempt. He argues that Code § 16.1-296(H) requires payment of such a bond only when the specific issues of a support arrearage or payment of support are appealed. We hold that under the facts of this case, husband was required to post the $50,000 bond in order to perfect his appeal.

Code § 16.1-296(H) provides, in pertinent part:

> No appeal bond shall be required of any party appealing from an order of a juvenile and domestic relations district court except for that portion of any order or judgment establishing a support arrearage or suspending payment of support during pendency of an appeal. In cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered. Upon appeal from a conviction for failure to support or from a finding of civil or criminal contempt involving a failure to support, the juvenile and domestic relations district court may require the party applying for the appeal or someone for him to give bond, with or without surety, to insure his appearance and may also require bond in an amount and with sufficient surety to secure the payment of prospective support accruing during the pendency of the appeal. An appeal will not be perfected unless such appeal bond as may be required is filed within 30 days from the entry of the final judgment or order.

We addressed a factually analogous issue in our *en banc* decision in <u>Mahoney</u>. In that case, the father was found in contempt on mother's rule to show cause issued against him for failing to pay child and spousal support, medical bills and attorney's fees. The juvenile and domestic relations district court entered judgment for $151,902.52, the amount in arrears due to mother. Father appealed to the circuit court, challenging the lower court's jurisdiction to enter the order and

- 3 -

the validity of the order.  He specifically indicated his intention not to appeal the arrearage amount.

When he failed to post bond, the trial court granted wife's motion to dismiss the appeal and we

affirmed.  See 34 Va. App. at 65, 537 S.E.2d at 627.

In Mahoney, like the instant case, the father argued on appeal to this Court that since he did

not appeal the arrearage amount, he was not required to post bond under Code § 16.1-296(H).  We

held:

> In this case, the order Mahoney appealed from the juvenile court to
> the circuit court established a support arrearage he owed to his
> former wife.  Thus, Mahoney's appeal from the juvenile court's
> order was necessarily subject to the jurisdictional requirement of
> Code § 16.1-296(H), which requires an appeal bond "for that
> portion of any order establishing a support arrearage."
>
> In addition, not only is the substantive issue of support
> arrearages logically related to, and inherent in, Mahoney's
> challenge to the jurisdiction of the court and the claimed invalidity
> of "all orders entered," but the law governing appeals from courts
> not of record also provides a well established legal foundation for
> the imposition of bond.  An appeal from a court not of record is
> tried *de novo*.  Such an appeal transfers the *entire* record to the
> circuit court for retrial *as though the case had been originally
> brought there*.  Upon transfer, the order and judgment of the lower
> court are annulled.
>
> It follows that because no case or judgment exists in the lower
> court, and because the circuit court upon appeal acts as the tribunal
> of original jurisdiction, it must address and dispose of all issues
> raised by the petitioner in the lower court. . . .
>
> The policy underlying the requirement of appeal bonds is clear.
> An appeal bond provides assurances that any judgment that may be
> rendered on appeal, if perfected, will be satisfied. . . .
>
> In summary, we hold that the JD&R order from which appellant
> appealed addressed only one subject, viz., that of support
> arrearages.  As such, Mahoney's failure to post bond under Code
> § 16.1-296(H) was fatal to his appeal.

Id. at 66-68, 527 S.E.2d at 627-28 (internal citations and footnote omitted).

All three of our primary justifications for ruling in Mahoney that Code § 16.1-296(H) required the father to post the monetary bond to perfect his appeal dictate the same result in this case. First, as in Mahoney, the substantive issue of support arrearages is "logically related to, and inherent in" the support issues and contempt finding father appealed in the instant case, because the contempt finding was based on father's failure to pay support. Id. at 66, 527 S.E.2d at 627. Additionally, the notice of appeal specifically lists both civil support proceedings as well as civil contempt as the issues on appeal. Second, the circuit court's standard of review is *de novo* in the instant case, as in Mahoney. Thus, our reasoning that an appeal from the juvenile and domestic relations district court to the circuit court may not under these circumstances be bifurcated also applies in this case. Third, the policy consideration concerning bond we outlined in Mahoney, that an appropriate bond provides assurance that any judgment obtained would be covered, also applies in the instant case. See also Commonwealth v. Walker, 253 Va. 319, 485 S.E.2d 134 (1997). Thus, we hold that father's failure to post bond was fatal to his appeal and that the trial court properly dismissed it.

Accordingly, we affirm the judgment of the trial court.

Affirmed.